# Richmond

HESSIE DOTSON V. COMMONWEALTH OF VIRGINIA.

November 21, 1938.

Record No. 2015.

Present, Campbell, C. J., and Holt, Gregory, Browning,
Eggleston and Spratley, JJ.

The opinion states the case.

*William Davis Butts,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Walter E. Rogers, Special Assistant,* for the Commonwealth.

BROWNING, J., delivered the opinion of the court.

Hessie Dotson, a man, was tried and found guilty of manufacturing whiskey by a jury, which fixed his punishment at a fine of $100.00 and confinement in jail for six months. The trial court confirmed the verdict. He was tried for the violation of paragraph (b) of section 39 of the Alcoholic Beverage Control Act (Michie's Code 1936, sec. 4675 (39) (b)), which provides for the punishment of the illegal manufacture of alcoholic beverages, as follows:

"Every person found at any distillery, winery or brewery where alcoholic beverages are being manufactured in violation of the provisions of this act shall be deemed *prima facie* guilty of manufacturing the same or aiding and abetting in such manufacture and upon conviction thereof shall be punished as if personally manufacturing the same."

On November 17, 1937, between ten and eleven o'clock in the morning, the accused was arrested by two officers of the State ABC Board in Warwick county, Virginia, near Roa-

noke Avenue. He was with another man who was un-identified. The two men had sacks on their backs and were going up a path, which led away from a still, which point was about twenty-five yards from the still. The two men dropped the bags and ran. The accused was caught, but the other man was not apprehended. In the bags were found two five-gallon jugs of corn whiskey and a one-half gallon vinegar bottle of corn whiskey. The accused had smut on his hands and face and had a flashlight on his person. No one was found at the still by the officers. It had the appearance of having been operated almost immediately prior to the arrest. There were some coals underneath it and one of the containers of the whiskey was warm.

The accused told the officers that he met a man up at the end of the path who promised to pay him a dollar to help him carry the whiskey out. The officer testified that he took the accused to the place where he said he had met the man and that he couldn't see any tracks at all. He further said that it had been raining recently and it would have been impossible for another person to walk across that place without leaving tracks.

Both of the officers, who were the only witnesses who testified in relation to the facts, said that they never saw the accused at the still, nor did they see him operating a still, nor did they see the still in operation—they did not see the accused manufacture any whiskey or alcoholic beverage.

The case is conspicuously barren of any testimony except that which has been referred to. There was no testimony as to the ownership or possession of the premises where the still was situated. The man who was with the accused absconded and we know nothing of him.

The judgment of the court is assailed because of the alleged insufficiency of the evidence to support it.

Three cases are cited by the Commonwealth as governing and controlling the case in judgment, but we think that the facts which were present in each of them differentiate them from the case at bar in quite important particulars.

In one of them, *Brown* v. *Commonwealth,* 156 Va. 947, 157 S. E. 567, the accused, though thirty-five or forty yards from the still, was, with his associates, carrying pistols, quart jars and food, and the accused admitted that he intended going to the still to obtain whiskey. This court said, in this connection [page 569]:

"We, therefore, conclude that he was present where a still was in operation, within the meaning of the statute."

In another case, *Langford* v. *Commonwealth,* 154 Va. 879, 153 S. E. 821, the accused, when some twenty or twenty-five yards from the still, whistled to signal his approach to his confederate, who had already been arrested, and who tried to warn him and motion him back. It was held that he came within the intendment of the statute as being present at the still.

In the other case, *Johnson* v. *Commonwealth,* 142 Va. 639, 128 S. E. 456, the accused was found on the top of the bank of a ravine overlooking a still which was in operation and not far from it. He appeared to be watching for those who might be seeking to apprehend the operation. He was held to come within the provision of the statute as to being present.

We think that the set of circumstances in each of the cases furnished convincing evidence to support the holdings.

█ We think that character of proof is lacking here. There is no stronger presumption afforded than that an accused is presumed to be innocent, which cannot be overthrown except by proof of his guilt beyond a reasonable doubt.

█ The accused here was not tried for the illegal possession of liquor, nor for illegally transporting liquor. In either case, he might legally have been found guilty.

There is no actual, positive testimony or convincing fact that he was manufacturing whiskey.

We think that what this court said, through Mr. Justice Gregory, in the case of *Willson* v. *Commonwealth,* 160 Va. 913, 168 S. E. 344, 345, is potent in the situation here:

██ "From the facts shown, no reasonable inference of guilt can be deduced which will be equivalent to proof of guilt beyond a reasonable doubt, which is always necessary. Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith. This is true no matter how suspicious circumstances may be."

See also the cases of *Dixon* v. *Commonwealth*, 162 Va. 798, 173 S. E. 521; *Wooden's Case* (*Wooden* v. *Commonwealth*), 117 Va. 930, 86 S. E. 305, 306, Ann. Cas. 1917D, 1032; *Ayres* v. *Commonwealth*, 157 Va. 897, 161 S. E. 888.

In our opinion the judgment of the court is not supported by the evidence.

 The granting of instruction No. 3 at the instance of the Commonwealth, we think, is erroneous. In effect, it directs a verdict, which may not be in our jurisdiction. It leaves out of view an important part of the statute, which is comprised in the phrase *"prima facie."* This is the very heart of the statute.

Accordingly we reverse the judgment of the trial court and remand the case to it for such further action as it and the attorney for the Commonwealth may be advised.

*Reversed and remanded.*

SPRATLEY, J., concurring in result.