COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Baker, Benton, Coleman,
      Koontz, Willis, Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


GEORGE THOMAS SMITH, JR.
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 1902-93-1        JUDGE LARRY G. ELDER
                                           AUGUST 1, 1995
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
Glen A. Tyler, Judge

Thomas L. Northam (Vincent, Northam & Lewis,
on brief), for appellant.

G. Russell Stone, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


By memorandum opinion dated March 28, 1995, record number
1902-93-1, a panel of this Court reversed the conviction of
George Thomas Smith (appellant) for violation of Code § 18.2-61.
We granted the Commonwealth's petition for rehearing en banc and
stayed the mandate of that decision.

Appellant contends the evidence failed to prove that the
victim was not his spouse, an element of the offense.  Because
the Commonwealth presented circumstantial evidence sufficient to
prove that the victim was not appellant's spouse, we affirm the
conviction.

One of the elements of the charged offense is that the
_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

defendant had sexual intercourse with "a complaining witness who is not his . . . spouse." Code § 18.2-61(A). It is axiomatic that the Commonwealth bears the burden of proving each element of an offense beyond a reasonable doubt. Hill v. Commonwealth, 17 Va. App. 480, 484, 438 S.E.2d 296, 298 (1993). However, the Commonwealth need not prove each element by direct evidence; instead, it may prove an element by circumstantial evidence, Reynolds v. Commonwealth, 9 Va. App. 430, 440, 388 S.E.2d 659, 665 (1990), which is entitled to the same weight as direct evidence. Hall v. Commonwealth, 14 Va. App. 65, 69, 415 S.E.2d 439, 442 (1992). It is within the fact finder's province to draw inferences from circumstantial evidence and to determine the weight to be ascribed to such evidence. Cook v. Commonwealth, 226 Va. 427, 432, 309 S.E.2d 325, 329 (1983); Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).

At trial the following facts were adduced: (1) appellant did not live with the twelve-year-old victim; (2) appellant was dating the victim's older sister, Sandra; (3) appellant and the victim had different last names; (4) appellant and the victim never had sexual relations before this incident; (5) the victim was a virgin; (6) the victim told appellant "No, I can't do this. Get it from Sandra;" (7) appellant told police that he knew he should not have attempted sexual intercourse with the victim; (8) appellant never claimed to police that he was married to the victim; (9) appellant described the victim as someone "who I

-2-

knew;" (10) the deputy sheriff investigator testified that to his knowledge, appellant was not married; (11) when asked how she knew the defendant, the victim testified that her next to oldest sister was his girlfriend; and (12) the trial court was aware that a non-pregnant twelve-year-old could not legally enter into a marriage in Virginia.  Code § 20-48.

When viewed in the light most favorable to the Commonwealth, the circumstantial evidence was sufficient to establish beyond a reasonable doubt that the parties were not married.  Accordingly, we affirm the conviction.

Affirmed.

BENTON, J., joined by Baker, and Koontz, J.J., dissenting.


     "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364 (1970).  "Where inferences are relied upon to establish [a factual element of the offense], they must point to [that fact] so clearly that any other conclusion would be inconsistent therewith."  Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938).  The Commonwealth concedes, as it must, that it was required to prove as an element of the offense that the accused was not the spouse of the victim at the time of the offense.  See Code § 18.2-61.  The circumstantial evidence in this record, however, did not prove that fact beyond a reasonable doubt.

     The prosecutor failed to prove by the testimony of the child or the child's mother the child's marital status at the time of the offense.  In an attempt to prove the contested element of the offense, the prosecutor made the following inquiry of a deputy sheriff:

> Q:  Was George Thomas Smith married at this time -- George Thomas Smith, Jr.?
>
> A:  Not to my knowledge, sir.


The essence of the deputy sheriff's testimony is that he did not know whether Smith was married.  Neither this testimony nor the other circumstantial evidence in the record was sufficient to

prove beyond a reasonable doubt that the accused and the victim had not been lawfully married in one of the many states that permit non-age marriages.

The trial judge substantially relied upon the belief that a child twelve years old cannot lawfully marry.  However, that belief is contrary to the provision of Code § 20-48.  Moreover, reliance upon Virginia law is not dispositive.  "The general rule . . . is that . . . a marriage valid where celebrated is valid everywhere."  Toler v. Oakwood Smokeless Coal Corp., 173 Va. 425, 429, 4 S.E.2d 364, 366 (1939).  See also Kleinfeld v. Veruki, 7 Va. App. 183, 186, 372 S.E.2d 407, 409 (1988).  Several states, including states that abut Virginia, recognize the marriage of a minor if consent is properly obtained.  See, e.g., Ariz. Rev. Stat. Ann. § 25-102 (1991); Cal. Family Code § 302 (West 1994); Md. Family Code § 2-301 (1991); Nev. Rev. Stat. § 122.025 (1991); W. Va. Code § 48-1-1 (1995).

The child testified that she knew Smith.  The evidence did not prove that the child had always lived in Virginia.  At age twelve, she was not so young as to exclude as irrational the idea of marriage.  Evidence such as different last names, not living together, and not having sexual relations, are not proof beyond a reasonable doubt that the parties were not married.

In opposition to the motion to strike the evidence for failure of the evidence to prove that the victim and the defendant were not married, the prosecutor argued as follows:
The evidence is that Investigator Matthews

> has knowledge he is not married.  The
> evidence is that he was going with her
> sister.  The evidence is that the twelve year
> old had never had an experience like this
> before and that while going with his sister
> did this act to her when she was twelve years
> old in July of 1991 on his sister's bed and I
> think that is more than sufficient to fulfill
> that element.  He has no knowledge whether
> she is married or not married.

Taking all of these facts proved at trial, the Commonwealth's evidence did not prove beyond a reasonable doubt that Smith was not married to the child at the time of the incident.  "'[A] suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction.'"  Boothe v. Commonwealth, 4 Va. App. 484, 492, 358 S.E.2d 740, 745 (1987)(citation omitted).

Accordingly, I would reverse and dismiss the conviction against Smith.