COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Bumgardner
Argued at Salem, Virginia


TERRY WAYNE JONES
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 0830-97-3     JUDGE SAM W. COLEMAN III
                                         MAY 5, 1998
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                         James F. Ingram, Judge

             Andrea C. Long (Boone, Beale, Cosby & Long,
             on brief), for appellant.

             Steven A. Witmer, Assistant Attorney General
             (Richard Cullen, Attorney General, on brief),
             for appellee.


     Terry Wayne Jones appeals his bench trial conviction for

possession of cocaine with the intent to distribute in violation

of Code § 18.2-248.  Conceding that he possessed cocaine, Jones

contends the evidence is insufficient to prove that he intended

to distribute the cocaine.  Finding the evidence sufficient, we

affirm the conviction.

     Proof of an accused's "specific intent" to distribute a

controlled substance is essential to a conviction under Code

§ 18.2-248.  See Servis v. Commonwealth, 6 Va. App. 507, 524, 371

S.E.2d 156, 165 (1988).  Because the specific intent to

distribute a controlled substance is difficult to establish

through direct evidence, the Commonwealth may, and frequently

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

must, rely on circumstantial evidence to prove that intent. See Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 444 (1994) (en banc). When the Commonwealth relies on circumstantial evidence, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)).

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Id.

Viewed accordingly, the evidence proved that City of Danville Police Officer Ricky Luck employed an undercover informant to make a controlled drug purchase at Jones' house. Luck recorded the serial number on a twenty dollar bill and gave the bill to the informant to use in the controlled purchase. Luck watched the informant enter the house and return with two rocks of cocaine.

Based on the informant's purchase, Luck obtained and

executed a warrant to search Jones' house the next day. During the search, Luck asked Jones whether he was in possession of any drugs. Jones responded that he was. Luck then searched Jones and recovered a pill bottle containing fifteen rocks of cocaine, weighing approximately 1.2 grams, and a baggie containing approximately 0.18 grams of cocaine. He also found over $757 in small denomination bills in Jones' pants pockets, including a twenty dollar bill bearing the same serial number as the twenty dollar bill that Luck had given to the informant to purchase cocaine at Jones' house a day earlier.

Appellant denied knowledge of the informant's controlled drug purchase, but admitted possessing the cocaine that Luck found in his pockets. Appellant claimed that the cocaine was for his personal use. He testified that he received $423 per month in Social Security disability income and that he possessed $757 in cash because he had just cashed his Social Security check. He also testified that a friend had used his house to entertain a guest on the night of the informant's purchase and the friend had given him a twenty dollar bill for letting him do so.

The circumstantial evidence supports the trial court's finding that Jones possessed the cocaine with the specific intent of distributing it. Although the Commonwealth offered no evidence to prove that the quantity of cocaine found in Jones' possession was inconsistent with personal use, even a relatively small quantity of drugs when considered in conjunction with other

circumstances may support a finding of an intent to distribute. See Early v. Commonwealth, 10 Va. App. 219, 222, 391 S.E.2d 340, 341-42 (1990). Luck recovered $757 in small denomination bills from Jones' pockets. We have consistently recognized that an accused's possession of a significant amount of cash, especially in small denominations, may be considered by the fact finder as evidence sufficient to prove an intent to distribute. See White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc); Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Furthermore, in this case, the jury could infer that appellant was selling drugs in light of the fact that the amount of cash found in his possession was significant in comparison to appellant's disability income of $423 per month. Also, Jones' possession of the "marked" twenty dollar bill supports the inference that Jones sold the two rocks of cocaine to the informant and intended to sell the rocks of cocaine found in his possession. "A finder of fact may infer from evidence of a recent sale of a controlled substance, related by time and place to a similar substance still in the seller's possession, that the seller intended to distribute the substance he or she still possessed." Werres v. Commonwealth, 19 Va. App. 744, 749, 454 S.E.2d 36, 39 (1995). Furthermore, the trial court was entitled to reject Jones' testimony explaining how the large amount of cash, including the "marked" currency, came into his possession and that he possessed the cocaine for his personal

use.  See Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981).

Considering the totality of the circumstances and the reasonable inferences fairly deducible from the evidence, we cannot say that the trial court's conclusion that Jones possessed the cocaine with the specific intent to distribute is plainly wrong or without evidence to support it.  Accordingly, the evidence is sufficient to support the conviction, and we affirm.

Affirmed.

Benton, J., dissenting.

When the Commonwealth's "evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (citation omitted). "Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith." Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. 471, 473 (1938). Thus, it follows that the "[e]xistence of the intent [to distribute] . . . cannot be based upon surmise or speculation," Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975), and must be proved beyond a reasonable doubt. See Smith v. Commonwealth, 16 Va. App. 626, 628, 432 S.E.2d 1, 2 (1993).

The evidence proved that the day before Terry Jones was arrested, a police informant with a marked twenty dollar bill entered the residence where Jones lived. The officer who gave the informant the money testified that he heard several people in the residence. However, no evidence proved that Jones was present. After the informant left the residence, he gave the police cocaine. No evidence proved how the informant obtained the cocaine or who was in the residence when the informant entered. No evidence proved that Jones was the only person who lived in the residence.

The next day, the police obtained a warrant and entered Jones' residence. Jones was in the residence with a woman. Although Jones had cocaine in his pocket, no evidence proved that Jones possessed an amount of cocaine that was inconsistent with personal use. The circumstances of Jones' possession of the cocaine are as consistent with his intent to use the cocaine as they are with an intent to distribute. See Hunter v. Commonwealth, 213 Va. 569, 571, 193 S.E.2d 779, 780 (1973). Indeed, the relatively small quantity of cocaine found warrants the inference that Jones possessed it for his personal use. See Dukes, 227 Va. at 122, 313 S.E.2d at 384.

No other evidence tended to prove an intent to distribute. The packaging of cocaine was not unique. "The mode of packaging and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute." Id. at 123, 313 S.E.2d at 384. No evidence proved that Jones had scales, baggies, twist ties, a ledger of accounts, or any other paraphernalia usually associated with distribution of cocaine.

The majority suggests the trier of fact could have inferred that Jones intended to distribute the drugs from the fact that Jones also possessed a quantity of money that was less than twice his monthly income. Even if the trier of fact rejected Jones' uncontradicted explanation of the legitimate source of his income and Jones' testimony that the money was to pay his household

bills, the record contains no proof that the money came from the sale of illegal drugs.  Jones had money in his residence and had a legitimate source of income.  His guilt cannot be established by inferring that his possession of more than a pittance of funds proves he must be engaged in selling drugs.  The inference the majority uses to establish Jones' guilt is purely speculative.

"Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith."  Dotson, 171 Va. at 518, 199 S.E. at 473.  People of modest means are not incapable of saving money and do not always exhaust their income each month.  Moreover, the evidence proved that Jones, a drug user, had a legitimate source of income.  His guilt cannot be established by proving he had money in his home.  Under the majority's thesis, every gainfully employed drug user can be found guilty of possession with intent to distribute by simultaneously possessing drugs and the proceeds of his or her last legitimate paycheck.

It is well settled in Virginia that "[w]henever the evidence leaves indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis, such evidence does not amount to proof beyond a reasonable doubt."  Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985) (citation omitted).  Although the evidence may be suspicious, or may even make it probable that Jones intended to distribute the cocaine, such circumstantial evidence is not

sufficient to support a criminal conviction for possession of the cocaine with intent to distribute.  Suspicious circumstances alone are insufficient to sustain a conviction for possession of drugs with an intent to distribute.  <u>See</u> <u>Garland v. Commonwealth</u>, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983); <u>Wright v. Commonwealth</u>, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977).  "[A] conviction based upon a mere suspicion or probability of guilt, however strong, cannot stand."  <u>Bridgeman v. Commonwealth</u>, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986).

For these reasons, I would reverse the conviction.