ALSTON, J.,
with whom ELDER, J., joins dissenting.
I respectfully disagree with the majority’s conclusion that the evidence was sufficient as a matter of law to support appellant’s conviction for possession of an imitation controlled substance with the intent to distribute. Accordingly, I would reverse appellant’s conviction and therefore dissent from the majority opinion.
As stated by the majority, neither the facts, nor the credibility of the Commonwealth’s expert in the use, packaging, and distribution of narcotics are in dispute. Supra at 667, 705 S.E.2d at 514. The majority also posits that “[t]he outcome of *671 this case turns on the weight to be accorded the testimony of Detective Gavin, the Commonwealth’s expert witness.” Id. In reaching this conclusion, the majority recognizes that the facts of this case are similar to those in Dukes v. Commonwealth, 227 Va. 119, 313 S.E.2d 382 (1984), in which the Supreme Court of Virginia held the evidence was insufficient to prove possession with intent to distribute. Supra at 667, 705 S.E.2d at 514. According to the majority, the presence of Gavin’s expert testimony alone distinguishes Dukes from the instant case and provides the necessary evidence to determine that a “ ‘rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’ ” Supra at 670, 705 S.E.2d at 516 (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).
Preliminarily, I subscribe to the very measured analysis of the majority that if Detective Gavin had not testified, the evidence would have been insufficient to convict appellant of possession of an imitation controlled substance with the intent to distribute.[5] In order to prove intent to distribute, the Commonwealth may rely on circumstantial evidence, so long as the evidence as a whole excludes every reasonable hypothesis of innocence. See Emerson v. Commonwealth, 43 Va.App. 263, 277, 597 S.E.2d 242, 249 (2004); Servis v. Commonwealth, 6 Va.App. 507, 524, 371 S.E.2d 156, 165 (1988). “ ‘Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.’” Emerson, 43 Va.App. at 277, 597 S.E.2d at 249 (quoting Archer v. Commonwealth, 26 Va.App. 1, 12-13, 492 S.E.2d 826, 832 (1997)); see also Haskins v. Commonwealth, 44 Va.App. 1, 9, 602 S.E.2d 402, 406 (2004) (holding that where the fact finder has rejected the hypothesis of innocence, “that determination cannot be overturned as arbitrary unless no rational factfinder would have come to that conclusion”).
*672 To convict an individual of intent to distribute a real or imitation substance, the circumstantial evidence must necessarily prove an intent to distribute the substance. See Adkins v. Commonwealth, 217 Va. 437, 439-40, 229 S.E.2d 869, 871 (1976) (citing Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973)). Virginia courts have considered a number of factors alone and in combination when determining if an intent to distribute exists. “When the proof of intent to distribute ... rests upon circumstantial evidence, the quantity which the defendant possesse[d] is a circumstance to be considered.” Dukes, 227 Va. at 122, 313 S.E.2d at 383. If the quantity of drugs possessed is greater than that ordinarily possessed for personal use, that fact alone may be sufficient to prove intent; however, where the quantity is small, the fact finder may infer the drugs were intended for personal use. Early v. Commonwealth, 10 Va.App. 219, 222, 391 S.E.2d 340, 341 (1990) (citing Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)); see also Monroe v. Commonwealth, 4 Va.App. 154, 156, 355 S.E.2d 336, 337 (1987).
In addition to the quantity of the controlled substance possessed, the Commonwealth may present other circumstances for the fact finder’s consideration, such as the accused’s conduct and statements. Long v. Commonwealth, 8 Va.App. 194, 198, 379 S.E.2d 473, 476 (1989) (citing Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974)). A trier of fact may also consider how the drugs were packaged. Dukes, 227 Va. at 122-23, 313 S.E.2d at 383-84; Monroe, 4 Va.App. at 156, 355 S.E.2d at 337. “ ‘However, even if the substance is packaged for distribution, there must be additional evidence to preclude the inference that it was purchased in the packaged form for personal use[,] rather than being held in that fashion for distribution.’ ” Servis, 6 Va.App. at 524, 371 S.E.2d at 165 (quoting Monroe, 4 Va.App. at 156, 355 S.E.2d at 337); accord Dukes, 227 Va. at 123, 313 S.E.2d at 384. For example, “ ‘the presence of a large, or bulk, quantity from which smaller packages may have been made up for distribution’ ” may preclude the inference that the defendant possessed the illegal substance for personal use. *673 Servis, 6 Va.App. at 524, 371 S.E.2d at 165 (quoting Monroe, 4 Va.App. at 156-57, 355 S.E.2d at 337). Likewise, “the presence of paraphernalia used in the packaging process,” such as scales, baggie corners, or razor blades, is inconsistent with possession for personal use. Hamburg v. Commonwealth, 3 Va.App. 435, 438, 350 S.E.2d 524, 525 (1986).
“The presence of an unusual amount of money, suggesting profit from sales, is another circumstance that negates an inference of possession for personal use.” Servis, 6 Va.App. at 524, 371 S.E.2d at 165 (citing Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978); Dukes, 227 Va. at 123, 313 S.E.2d at 384; Wells v. Commonwealth, 2 Va.App. 549, 551-52, 347 S.E.2d 139, 140 (1986)). The absence of an ingestion device and the presence of a firearm are also factors that may be considered. Shackleford v. Commonwealth, 32 Va.App. 307, 327-28, 528 S.E.2d 123, 133 (2000) (citing Langston v. Commonwealth, 28 Va.App. 276, 286, 504 S.E.2d 380, 385 (1998)). Finally, the fact finder may consider the testimony of expert witnesses in determining whether possession of an imitation or controlled substance is for personal use or distribution. Id. at 327, 528 S.E.2d at 133 (citing Rodriguez v. Commonwealth, 18 Va.App. 277, 443 S.E.2d 419 (1994) (en banc), aff'd, 249 Va. 203, 454 S.E.2d 725 (1995); Poindexter v. Commonwealth, 16 Va.App. 730, 432 S.E.2d 527 (1993)).
Here, like in Dukes, appellant possessed a relatively small quantity of an illegal substance. This substance was packaged in three small individual corner baggies. Appellant did not possess any paraphernalia associated with the distribution of illegal substances, i.e., razor blades or scales, nor did he possess an unusually large quantity of money or a firearm. Accordingly, in the instant case, none of the usual factors that overcome the presumption of possession of a small quantity for personal use were present.
Thus, I agree with the majority that considering all the evidence, except Gavin’s testimony, there was insufficient evidence to convict appellant of intentionally possessing an illegal substance. My consideration of this case diverges from the *674 majority’s analysis in that I believe the evidence, even with Gavin’s testimony, was insufficient as a matter of law to convict appellant. Not only did Gavin’s testimony fail to foreclose appellant’s hypothesis of innocence, it also contradicted Virginia case law in every respect. I firmly believe that where expert testimony is in opposition to case law, it is our duty to give deference to the prior decisions of Virginia’s appellate courts by concluding that the expert’s testimony, standing alone, fails as a matter of law to establish the fact it purports to prove.
The majority finds that Gavin’s testimony “dismantled” appellant’s hypothesis of innocence, namely, appellant’s claim that “[he] believed he possessed real, not imitation, crack and had indeed been ‘ripped off.’ ” Supra at 668, 705 S.E.2d at 514. Gavin testified that the following circumstances were inconsistent with personal use: the method of packaging the substance; the absence of an ingestion device; and the fact that the “crack cocaine” was imitation crack cocaine, rather than the authentic drug. Gavin testified that the possession of three baggies of imitation crack was inconsistent with personal use because an experienced individual could get more for his money if he bought one larger rock of cocaine, rather than three smaller rocks. Not only does this determination presuppose that a seller of drugs always sells each bag at market value and that a seller always has a larger rock of cocaine available for purchase, it also assumes that the three baggies of imitation cocaine had been exchanged for $60, rather than for a discounted price based on the total quantity purchased. Further, as the majority acknowledges in its recitation of the facts, “when [Detective Gavin] was asked whether ‘all cocaine users, everyone who buys crack, shops around for the best deal, like Wal-Mart [sic],’ [he] conceded that he could confirm only ‘that is what ... most ... users do.’ ” Supra at 663, 705 S.E.2d at 512 (emphasis added). By admitting his testimony covered only what “most ... users do,” Detective Gavin established the existence of a reasonable hypothesis of innocence which the trier of fact was not entitled to reject arbitrarily — that appellant, although a user of crack cocaine, was *675 not like “most” users in this particular instance and did not “shop[ ] around” for the best deal by attempting to buy his cocaine in a bulk, undivided quantity.
More importantly, Virginia’s jurisprudence instructs us that “ ‘even if the substance is packaged for distribution, there must be additional evidence to preclude the inference that it was purchased in the packaged form for personal use[,] rather than being held in that fashion for distribution.’ ”[6] Servis, 6 Va.App. at 524, 371 S.E.2d at 165 (quoting Monroe, 4 Va.App. at 156, 355 S.E.2d at 337); accord Dukes, 227 Va. at 123, 313 S.E.2d at 384. The majority holds Gavin’s testimony necessarily leads to the conclusion that “be he experienced or be he inexperienced, it is unlikely that appellant would have purchased three packages of the substance, believing it to be crack.” Supra at 668, 705 S.E.2d at 515. I believe this Court must still consider Gavin’s testimony as a single piece of evidence that must be viewed through the prism of Virginia’s case law. See Askew v. Commonwealth, 40 Va.App. 104, 109-10, 578 S.E.2d 58, 61 (2003). As Virginia’s appellate courts have repeatedly held, when a small amount of an illegal substance is possessed in prepackaged form, the method of packaging is not a dispositive indicator of possession for distribution. Dukes, 227 Va. at 123, 313 S.E.2d at 384; Servis, 6 Va.App. at 524, 371 S.E.2d at 165; Monroe, 4 Va.App. at 156, 355 S.E.2d at 337. It is error for this Court to hold otherwise based on the testimony of an expert witness, particularly where the testimony is equivocal.
Similarly, as to the relevance of the absence of an ingestion device, Detective Gavin testified only that “normal user[s]” *676 “maintain a stem or crack pipe on their person when they purchase crack cocaine.” Supra at 663, 705 S.E.2d at 512 (emphasis added). Again, this testimony leaves open the reasonable hypothesis that appellant, who possessed the imitation crack cocaine while standing on the front porch of a residence, although perhaps not a “normal user” of crack cocaine as described by Detective Gavin in that he did not have a smoking device on this person at that time, was nevertheless a user of crack cocaine who had a smoking device in close proximity, perhaps inside the residence of the porch on which he stood. This hypothesis requires no additional testimony or leap of faith to constitute a reasonable hypothesis of innocence flowing from the evidence in the record. Thus, it may not be arbitrarily rejected by the fact finder.
Further, to the extent that Detective Gavin’s testimony may be viewed as asserting that the absence of an ingestion device affirmatively established appellant possessed the imitation cocaine for distribution purposes, that testimony is in direct opposition to Virginia precedent, which recognizes that the absence of a personal ingestion device “does not give rise to an inference that [a defendant] was not a drug user.” Dukes, 227 Va. at 123, 313 S.E.2d at 384. In Dukes, which the majority cites, the Supreme Court determined it was “more likely that [the defendant] used the drug elsewhere,” rather than at her place of employment. Id. Similarly, here, it is more likely that appellant used the drug somewhere other than on the porch of a house that was in plain view of the street, such as inside the house itself. Once more, I do not believe we may give Gavin’s opinion greater deference than the authority that binds us.
When the Commonwealth’s evidence is wholly circumstantial, “ ‘all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.’ ” Dukes, 227 Va. at 122, 313 S.E.2d at 383 (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). “Where inferences are relied upon to establish guilt, they must point to guilt so clearly that any other conclusion would be inconsistent therewith.” Dotson v. Commonwealth, 171 Va. 514, 518, 199 S.E. *677 471, 473 (1938). “There is no stronger presumption afforded than that an accused is presumed to be innocent, which cannot be overthrown except by proof of his guilt beyond a reasonable doubt.” Id. at 517,199 S.E. at 473. Here, as a matter of law, the evidence and any inferences to be drawn from the evidence do not point so clearly to guilt of possession with intent to distribute as to make unreasonable a conclusion that appellant possessed the substance for his personal use.
In sum, this record provides a dearth of direct evidence, analytically incomplete circumstantial evidence, and Detective Gavin’s singular expert opinion that the items appellant possessed were indeed possessed with the intent to distribute. I would respectfully suggest that in circumstances involving equivocal expert testimony, and circumstantial evidence that does not support a conviction, even when viewed in the light most favorable to the Commonwealth, the evidence fails to exclude a reasonable hypothesis of appellant’s innocence. See Dukes, 227 Va. at 123, 313 S.E.2d at 384. Accordingly, I must dissent.

. I also appreciate that the majority apparently does not suggest that a lack of circumstantial evidence in a case such as this can be salvaged by simply having an expert testify in support of a factual or legal proposition.

. I would respectfully suggest that the majority’s reliance on the analysis in McCain v. Commonwealth, 261 Va. 483, 545 S.E.2d 541 (2001) (holding that cocaine packaged in two individually wrapped blocks in a single plastic bag supported a finding of distribution), cannot occur in a vacuum. In my view, the Supreme Court held in McCain that it is appropriate to consider the quantity of the illegal substance, its packaging, and the presence of an unusual amount of cash, distribution equipment, or firearms. As previously noted, appellant herein had three rocks of fake cocaine, no distinctive packaging, no unusual amount of cash, no distribution equipment, and no firearms.