## Richmond

GARY AMBRO MONROE

v.

COMMONWEALTH OF VIRGINIA

No. 0972-85

Decided April 21, 1987

COUNSEL

John H. Maclin, IV, for appellant.

Thomas C. Daniel, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.** — This is an appeal of a conviction of possession of marijuana with intent to distribute in which the appellant contends that the evidence was insufficient to prove that he intended to distribute the marijuana. We disagree and affirm the trial court.

From an alley behind the defendant's home, police officers saw marijuana plants growing in two separate containers outside of the residence. The first container held one marijuana plant approximately eighteen to twenty inches tall, and the second container held approximately twelve to fifteen marijuana plants.

The police officers obtained a search warrant for the residence and returned to the defendant's home. The defendant identified himself to the police officers and volunteered to show them where he kept the marijuana.

He took the police officers to a closet in a bedroom where he pulled out a blue shoe box containing nine clear plastic bags. These bags contained marijuana weighing a total of 7.9 ounces.

Several other packages containing marijuana were also discovered in the house. These included a brown paper bag inside of which was a plastic bag containing .95 pounds of marijuana, two other plastic bags containing a total of 1.3 ounces of marijuana

and a glass dish containing two plastic bags of marijuana weighing a total of 2.1 ounces.

The defendant admitted that the marijuana was his and that he was a drug abuser and smoked anywhere from an ounce to a quarter pound of marijuana a day. He also introduced expert testimony confirming his drug dependency. The defendant argues that the marijuana was for his own personal consumption, and not for resale.

We hold that the evidence was sufficient to support the trial court's conclusion that the defendant intended to distribute the marijuana. When considered in relationship with one another, the presence of the growing plants, the method of packaging of the marijuana found in the house, and the quantity found were indicative of an intent to distribute.

The quantity of a controlled substance is a factor which may indicate the purpose for which it is possessed. Possession of a small quantity creates an inference that the drug is for personal use. *See Dutton v. Commonwealth*, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980). On the other hand, possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it. *Hunter v. Commonwealth*, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). Thus, when the proof of intent to distribute is based upon circumstantial evidence, the quantity possessed is "a circumstance to be considered." *Dukes v. Commonwealth*, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984).

The method of packaging of the controlled substance is also a factor which may be considered in determining the purpose for which it is being held. *Colbert v. Commonwealth*, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978). However, even if the substance is packaged for distribution, there must be additional evidence to preclude the inference that it was purchased in the packaged form for personal use rather than being held in that fashion for distribution. *Dukes v. Commonwealth*, 227 Va. at 123, 313 S.E.2d at 384; *Dutton v. Commonwealth*, 220 Va. at 765, 263 S.E.2d at 54; *Wells v. Commonwealth*, 2 Va. App. 549, 553, 347 S.E.2d 139, 141 (1986). The additional evidence available to preclude such inference in this case included the presence of a large, or bulk, quantity from which smaller packages may have been made up for

distribution. *See Colbert v. Commonwealth*, 219 Va. at 4, 244 S.E.2d at 249. The trier of fact may reasonably have found that the brown paper bag containing almost a pound of marijuana was the source from which the nine plastic bags, each containing slightly less than an ounce, were derived. *Id.*

■ Similarly, the evidence of the presence of growing marijuana plants may have precluded an inference that the smaller bags of marijuana were purchased in that form for personal use rather than being held in that manner to facilitate distribution. "[T]he supervised growth of many marijuana plants" indicates "a continuing enterprise in the production and distribution of marijuana." *Pierceall v. Commonwealth*, 218 Va. 1016, 1023, 243 S.E.2d 222, 226 (1978), *cert. denied*, 439 U.S. 1067 (1979). Three stages in the production and distribution of marijuana, growing plants, dried material packaged in bulk and smaller packages for distribution, were all present and admitted to be in the defendant's possession.

For these reasons we conclude that the evidence was sufficient for the trier of fact to find that the defendant possessed this marijuana with intent to distribute. Accordingly, the judgment of conviction is affirmed.

*Affirmed.*

Cole, J., concurred.

Benton, J., dissenting.

I dissent because I believe that the evidence, while sufficient to prove possession of marijuana, was insufficient to establish an intent to distribute beyond a reasonable doubt.

> It is elementary that where, as here, an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction. . . . Because direct proof is often impossible in this type case, intent may be shown by circumstantial evidence. Existence of the intent, however, cannot be based upon surmise or speculation.

*Patterson v. Commonwealth*, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975) (citations omitted).

I believe that the three circumstances (quantity, packaging of the marijuana, and presence of growing plants) relied upon to prove intent independently do not support the conviction and, when considered collectively do not meet the Commonwealth's burden of establishing intent to distribute beyond a reasonable doubt. The evidence of substantial use of marijuana by Monroe and his wife provides a reasonable hypothesis of innocence as to the charge that Monroe intended to distribute the marijuana. The evidence in this record, when viewed in the light most favorable to the Commonwealth, fails to exclude that reasonable hypothesis of innocence. *See Dukes v. Commonwealth*, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984).

A total quantity of 26.5 ounces of marijuana was found in and around the Monroe's residence. Both Monroe and his wife, who was convicted of possession of marijuana, were heavy users of marijuana. Monroe, who has a previous conviction for possession of marijuana, was hospitalized in 1982 and 1983 at the Drug and Alcohol Dependency Unit of Poplar Springs Hospital because of a substance abuse habit. Shortly after his arrest for the offenses in question on this appeal, Monroe showed symptoms of being in the middle stages of chemical dependency, and he was treated while in jail with a prescription of 50 mg. of Thorazine three times a day to ease his withdrawal symptoms. Monroe's wife testified that she smoked 3 to 6 "joints" a day. Monroe testified that he smoked from an ounce to a quarter of a pound of marijuana a day.

Our Supreme Court has said that the quantity of marijuana seized "may be sufficient to establish [an intent to distribute] . . . if it is greater than the supply ordinarily possessed for one's personal use." *Dukes*, 227 Va. at 122, 313 S.E.2d at 383. There is no evidence in this case, however, which supports the claim by the Commonwealth that the amount of marijuana was incompatible with Monroe's defense that the marijuana was in his residence for his own personal use and that of his wife. The evidence does not provide a basis upon which to conclude that the quantity of marijuana found in the residence was greater than the supply ordinarily possessed by a narcotics user for personal use, *see Hunter v. Commonwealth*, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973); furthermore, in view of the substantial proof of Monroe's drug dependency and the frequent heavy use by both him and his wife, proof of possession of 26.5 ounces of marijuana has questionable

probative value in proving intent to distribute. "[P]ossession and ownership may imply intent to use rather than intent to distribute . . . ." *Id.* at 571, 193 S.E.2d at 780.

The method of packaging of the marijuana, under the circumstances of this case, adds nothing to the analysis whether Monroe intended to distribute the marijuana. There was no proof that Monroe had packaging material, scales, and other paraphernalia in his residence with which to prepare and package the marijuana for sale. "The mode of packaging and the way the packages were hidden are as consistent with possession for personal use as they are with intent to distribute. It is just as plausible that the defendant purchased the packaged substance for personal use as it is that . . . [he] packaged the marijuana for distribution." *Dukes*, 227 Va. at 123, 313 S.E.2d at 384.

Furthermore, the presence of growing marijuana plants in this case is not probative of the requisite intent to distribute. There were a total of twelve to sixteen small marijuana plants growing in a container at Monroe's residence. No evidence suggests that the plants were sufficient to produce a commercial quantity if processed. Furthermore, there is no evidence which would support an inference that the packaged marijuana was derived from the plants. The majority's reliance on *Pierceall v. Commonwealth*, 218 Va. 1016, 243 S.E.2d 222 (1978), *cert. denied*, 439 U.S. 1067 (1979), is misplaced. In that case, the Supreme Court held that evidence of a "controlled buy of marijuana" coupled with the supervised growth of at least fifty marijuana plants gave rise to a finding of probable cause to support the issuance of a search warrant for a residence. *Id.* at 1023, 243 S.E.2d at 226. *Pierceall* does not hold that the growing of a few marijuana plants in a residence gives rise to an inference of intent to distribute.

Individually, the factors used by the majority to infer intent are insufficient, in my opinion, to prove beyond a reasonable doubt an intent to distribute; collectively, such factors are not sufficiently probative to overcome the hypothesis that the marijuana was possessed for personal use. There is no evidence of any attempt by Monroe to sell the marijuana. He was not loitering in a public place with the marijuana. He was in his own residence and not in the presence of other users except his wife. No scales or other paraphernalia were found which would suggest harvesting, measuring, preparing, packaging, and production for distribution.

There was no money found which would suggest profit from sales. "[T]he absence of paraphernalia, evidence that the defendant used marijuana, evidence of the method of packaging the marijuana, and the absence of unusual amounts of money may all be consistent with the hypothesis of possession for personal use under the facts of a particular case." *Wells v. Commonwealth*, 2 Va. App. 549, 551-52, 347 S.E.2d 139, 140 (1986).

All of the circumstances and evidence in this case are consistent with the hypothesis that Monroe and his wife were substantial users of marijuana and that Monroe stored the marijuana in his closet and under his living room sofa for his personal usage. I would hold, therefore, that the evidence was sufficient to prove possession of marijuana but insufficient to prove possession with intent to distribute.