COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia

HORACE L. TAYLOR

v.          Record No. 1976-93-1      MEMORANDUM OPINION* BY
                                      JUDGE RICHARD S. BRAY
COMMONWEALTH OF VIRGINIA                    MAY 30, 1995

               FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Rodham T. Delk, Jr., Judge

          Timothy E. Miller, Public Defender, for appellant.

          Eugene Murphy, Assistant Attorney General (James S.
          Gilmore, III, Attorney General, on brief), for appellee.


     Horace L. Taylor (defendant) was convicted in a bench trial of

possession of marijuana with intent to distribute.  Defendant

complains on appeal that the trial court erroneously admitted into

evidence the certificate of analysis related to the offending drugs

and challenges the sufficiency of the evidence to support his

conviction.  We affirm the trial court.

     Under familiar principles of appellate review, we must examine

the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible

therefrom.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d

415, 418 (1987).  The judgment of a trial court, sitting without a

jury, is entitled to the same weight as a jury verdict and will be

disturbed only if plainly wrong or without evidence to support it.

 Id.  The credibility of a witness, the weight accorded the

testimony, and the inferences to be drawn from proven facts are

---

        *Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

matters solely for the fact finder's determination.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

During a search of defendant's trailer, Suffolk Police Officers J. H. Jackson and Gary Parker discovered a "black metal box" containing numerous individual "bags" of suspected marijuana having a "street" value of "between ten and twenty dollars" each. Additional suspected marijuana and drug paraphernalia, including a set of scales, and "several small ziplock bags," were also located in the trailer.  Defendant acknowledged ownership of all items.

Officer Jackson retained exclusive custody and control of the evidence in issue, which he packaged, sealed, and identified by an assigned case number.  He prepared a like numbered "Request for Laboratory Examination" which referenced, inter alia, "15 zip-lock baggies with suspected marijuana contained inside," and personally delivered the evidence to the "lab," where it received an additional numeric designation.  Subsequently, Jackson received a "Certificate of Analysis," numbered consistent with the evidence submitted and accompanied by the original packaging.  However, the certificate described "Sixteen (16) plastic bags, each containing . . . [m]arijuana."  (Emphasis added.)  Jackson assumed responsibility for this discrepancy and attributed it to a "real fast" count.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted).

"Evidence of the 'physical or chemical properties of an item . . . requires proof of the chain of custody' to establish '"with reasonable certainty"' that the material was not '"altered, substituted, or contaminated"' prior to its analysis." Gosling v. Commonwealth, 14 Va. App. 158, 166, 415 S.E.2d 870, 874 (1992) (citations omitted). "Although it is not necessary to exclude every possibility that the substance was tainted, the record must account for every '"vital link in the chain of possession."'" Crews v. Commonwealth, 18 Va. App. 115, 119, 442 S.E.2d 407, 409 (1994) (citations omitted).

Here, the record does not suggest any taint or contamination of the evidence, either before or during analysis. The bags were collectively marked and packaged prior to the analysis and correspondingly identified in relation to it, both by the lab and Jackson. See Code § 19.2-187.01. The discrepancy in count was explained by Jackson. Thus, the requisite chain of custody was clearly established and the disputed certificate of analysis was properly received into evidence. See Code § 19.2-187.

Defendant's sufficiency challenge is likewise without merit. "Because direct proof of intent is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). Circumstances relevant to proof of an intent to distribute include the quantity of drugs possessed, the method of its packaging, Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987), and the presence of paraphernalia common to drug distribution. Servis, 6 Va. App. at

524, 371 S.E.2d at 165.  Here, Officer Parker testified that both the method of packaging and the quantity of marijuana was inconsistent with personal use.  Moreover, the presence of scales and "baggies" provided additional evidence of defendant's intent to distribute.  See Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991).  Accordingly, the conviction is affirmed.

Affirmed.