COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


JAMES ALLEN BOLEY, JR.
                                   MEMORANDUM OPINION[*]
v.          Record No. 1927-95-1   BY JUDGE JOSEPH E. BAKER
                                        MARCH 11, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT CURT OF THE CITY OF NORFOLK
                    William F. Rutherford, Judge

            Michael Rosenberg for appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General; Margaret Ann B. Walker, Assistant
            Attorney General, on brief), for appellee.


     James Allen Boley, Jr. (appellant) appeals from his bench

trial convictions by the Circuit Court of the City of Norfolk

(trial court) for (1) possession of cocaine with intent to

distribute in violation of Code § 18.2-248, (2) possession of

marijuana with intent to distribute in violation of Code

§ 18.2-248.1, and (3) possession of a firearm while in possession

of cocaine in violation of Code § 18.2-308.4.

     Appellant contends that the evidence was insufficient to

prove that he exercised dominion and control over the cocaine and

marijuana.  Appellant also contends that the trial court erred

when it denied his motion for a mistrial based upon a question by

the Commonwealth's attorney and the investigating officer's

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

affirmative response thereto.  Appellant asserts that this question and response were a comment upon his post-<u>Miranda</u> silence and a violation of his due process rights.  Appellant was tried without a jury, simultaneously with his brother, Robert.[1]

As the parties are fully cognizant of the facts produced at trial, we state only those necessary to an understanding of this opinion.

### I.  Sufficiency

Upon familiar principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  <u>Higginbotham v. Commonwealth</u>, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

On November 18, 1994, Investigator James Stevens and other Norfolk police officers searched a two-bedroom apartment located in the Ocean View section of the City of Norfolk.  One bedroom was on the right side of a hallway, the other bedroom was on the left.  When the officers entered, four persons were in the apartment including appellant and Robert.  Appellant was in the kitchen, and Robert was in the shower.  All four persons were arrested; however, only appellant and Robert were subsequently charged.

Police found appellant's personal papers and belongings in

---

[1]This Court previously reversed Robert's conviction in a memorandum opinion (Record No. 1943-94-1, July 23, 1996).  In contrast to the case before us, the evidence in Robert's case was insufficient to support his conviction.

three different locations in the apartment:[2] his identification card, vehicle registration, and a receipt in his name for payment of electricity to the apartment were in an envelope on top of the refrigerator in the kitchen; a traffic summons in appellant's name was on the floor in the bedroom on the right; and a misdemeanor arrest warrant for appellant was stuffed in the pocket of his jacket which hung in the closet in the same right bedroom. In the right bedroom, police also found nearly $600 in cash, a nine millimeter pistol with eleven rounds of nine millimeter ammunition, and a plastic bag containing seventy-three unused plastic baggies.

Police seized a total of $1,020 from the apartment, along with four firearms, including the nine millimeter pistol, a .380 semi-automatic pistol, and two revolvers. They also discovered two cellular telephones and a pager. Appellant had an additional pager on his person at the time of the search.

Police discovered cocaine in plain view on top of a speaker in the front room. The cocaine weighed approximately twenty-four grams. Electronic scales and almost one hundred and fifty color-coded plastic baggies were also on or near the speaker. The bags were divided into groups of black, clear, and blue. The officers confiscated marijuana from the left bedroom closet where three of the firearms were kept and from a shoe which contained

_____

[2]Tameka Ellis was the actual lessee of the apartment, but there was no evidence that Ellis was in the apartment when the search occurred.

thirteen individual bags of marijuana.  The shoe was next to the speaker in the front room.  Altogether, the marijuana weighed approximately eighty grams.

Appellant's belongings were found in the right bedroom, while Robert's were found in the front room next to the speaker and in the hallway on a box.  Officer Stevens estimated that the guns were found approximately twelve feet from appellant's jacket and approximately eight feet from the refrigerator where items bearing appellant's name were located.  Robert told Officer Stevens that his cellular phone, money, keys, and jewelry were on the floor next to the speaker in the front room.  Robert's belongings were a foot or less from the cocaine to the left of the speaker.

Possession need not always be exclusive.  The accused may share it with one or more.  Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

We hold that the evidence is sufficient to support the judgment of the trial court.  See Gillis, 215 Va. at 302, 208 S.E.2d at 771; Ritter v. Commonwealth, 210 Va. 732, 741-43, 173 S.E.2d 799, 805-07 (1970); Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988); Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987).

## II.  Mistrial

Appellant and Robert were tried at the same time before the

same trial court.  After establishing that both appellant and Robert had been advised of their respective Miranda rights, the prosecutor further inquired of Investigator Stevens in the following manner:

> Q.  I understand that [appellant] made no statement to you but [Robert] made a statement to you?
>
> A.  He made a statement, yes.

Appellant objected and moved for a mistrial, citing Doyle v. Ohio, 426 U.S. 610 (1976).  The trial court denied the motion. Appellant offered no evidence at trial.  Here, appellant asserts that use of his post-arrest silence violates his right to remain silent and denies him fundamental fairness guaranteed by the Fourteenth Amendment to the United States Constitution.

In Robinson v. Commonwealth, 14 Va. App. 91, 414 S.E.2d 866 (1992), we reviewed Doyle, Durant v. Commonwealth, 7 Va. App. 454, 375 S.E.2d 396 (1988), and other federal opinions concerned with Doyle issues.  On facts more similar to those before us, we said, "a single comment, which only vaguely and indirectly referenced the defendant's post-arrest silence, does not violate Doyle."  Robinson, 14 Va. App. at 94, 414 S.E.2d at 868.  As further noted by the Robinson Court, the trier of fact here is not likely to have related appellant's post-arrest silence to the isolated statement.  The question was not made on cross-examination to challenge appellant's credibility and clearly did not "so infect the trial with unfairness that the

- 5 -

ultimate conviction constituted a denial of due process." <u>Id.</u> at 95, 414 S.E.2d at 868.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>