COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Felton and Kelsey
Argued by teleconference


ROBERT WILLIAM DOLAN, III
                                    MEMORANDUM OPINION* BY
v.    Record No. 3167-01-2        JUDGE WALTER S. FELTON, JR.
                                       DECEMBER 31, 2002
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                Paul M. Peatross, Jr., Judge

         Vanessa E. Hicks, Assistant Public Defender,
         for appellant.

         Jennifer R. Franklin, Assistant Attorney
         General (Jerry W. Kilgore, Attorney General,
         on brief), for appellee.


     Robert Dolan III was convicted in a bench trial for

manufacturing marijuana not for his own use, in violation of Code

§ 18.2-248.1(c).  On appeal, he contends that the evidence was

insufficient to support his conviction.  We affirm the judgment of

the trial court.

                      I.  BACKGROUND

                      A.  OFFENSES

     Between the dates of July 1, 1999 and August 18, 1999,

police officers from the Albemarle Police Department and the

Jefferson Area Drug Enforcement ("JADE") Task Force conducted

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

surveillance of a wooded area in Albemarle County.  On July 1, 1999, Officer Ray Walker discovered twenty-three marijuana plants growing in eight five-gallon buckets.  The plants were healthy and green, ranging in size from three to twelve inches. The grass in the area was overgrown, and an abandoned trailer was nearby.

As a result of the discovery, Officer Farrell was asked to install video equipment in the area in order to monitor movement around the plants and the area.  On July 22, 1999, officers began installing the video surveillance equipment.  During the installation, they discovered that the larger plants, twelve in total, had been removed.  Only eleven plants remained.

From July 22, 1999 through August 17, 1999, officers conducted video surveillance of the wooded area.  During that period, Dolan was observed twice, once on July 22 and once on August 17, watering the remaining plants and removing them. Dolan was the only person observed caring for, watering, and removing the plants.

Surveillance ceased on August 18, 1999, when officers removed the video cameras.  In addition to removing the cameras, the officers removed the remaining six plants and submitted them to a lab for analysis.  On September 1, 1999, Dolan was arrested.  No scales, plastic baggies, or excessive amounts of money were found in his possession.

-

## B. <u>TRIAL</u>

On May 26, 2001, upon a waiver of his rights to a trial by jury, the court tried Dolan for manufacturing marijuana, not for his own use, in violation of Code § 18.2-248.1(c). Detective Danny Board, qualified by the trial court as an expert in the manufacture of marijuana for personal use and for distribution, testified on behalf of the Commonwealth. He stated that a full-grown marijuana plant yields a pound of sellable marijuana or approximately 448 individual joints. A heavy smoker of marijuana would smoke around six joints a day. In Detective Board's opinion, growing six or eleven marijuana plants is not consistent with personal use.

Detective Board next testified as to the typical growing pattern of marijuana. He stated that the first step is to begin with seeds in a cup. After the seeds sprout and grow a little, they are put in a pot. Once the plant has grown more, it is then removed from the pot and transplanted to the ground so that it "fruits itself better." The typical growing season runs from April to September, with cultivation at the end of September. When shown pictures of the six plants that remained following the surveillance, Detective Board noted that they were young and that no grower would stop trying to grow or to harvest marijuana from the plants at that size. Dolan was convicted of manufacturing marijuana, in violation of Code § 18.2-248.1(c).

-

## II.  ANALYSIS

Dolan contends on appeal that the evidence was insufficient to prove beyond a reasonable doubt he manufactured marijuana not for his own use.  We disagree.

> When the sufficiency of the evidence is challenged on appeal, it is well established that we must view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  The conviction will be disturbed only if plainly wrong or without evidence to support it.

Jones v. Commonwealth, 13 Va. App. 566, 572, 414 S.E.2d 193, 196 (1992).

There are a number of factors that may be considered in determining whether marijuana is being manufactured not for personal use.  Such factors include the quantity and condition of the marijuana plants, evidence of the potential yield of the plants, the existence of supervised growth, evidence of devices to assist with growth (lamps, watering devices, etc.), packaging materials, the presence of unusual amounts of cash, and equipment related to distribution.  See Reynolds v. Commonwealth, 9 Va. App. 430, 440-41, 388 S.E.2d 659, 665-66 (1990); Monroe v. Commonwealth, 4 Va. App. 154, 156-57, 355 S.E.2d 336, 337 (1987); see also McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 547 (2001).  The list of factors is not exhaustive.  Furthermore, presence of all the factors is not necessary to prove the offense.

-

Dolan relies on Reynolds, 9 Va. App. 430, 388 S.E.2d 659, to support his contention that the evidence was insufficient to support his conviction. That reliance is misplaced. In Reynolds, the police discovered twenty-nine marijuana plants growing on Reynolds' premises. The plants were in various conditions of health, from good to poor, and weighed a total of 1.16 grams. A scale and smoking pipe were also found. We held that the evidence was insufficient to support a conviction for manufacturing marijuana not for personal use.

> [W]e note that the record contains no evidence of how much saleable marijuana could be produced by the twenty-nine plants found on the premises; no evidence of how many of the plants were actually healthy enough to produce useable product; no evidence as to the value, if any, of the product; no evidence of the presence of receptacles to bag the marijuana for resale; and no evidence of watering devices and lights to assist in its growth. While this type of evidence may not be necessary to prove production for use of others . . . the deficiencies identified are sufficient in this case to point to a failure of the Commonwealth to exclude the reasonable hypothesis that the plants were being grown for personal use.

Reynolds, 9 Va. App. at 440-41, 388 S.E.2d at 666.

The deficiencies noted in Reynolds do not exist in this case. Initially, police discovered twenty-three well cared for marijuana plants growing in pots, in a wooded area. As a result of this discovery, the police set up video surveillance equipment around the plants. Once surveillance began, however,

-

only eleven marijuana plants remained.  Six marijuana plants in very good health were recovered at the time of Dolan's arrest. Based on Detective Board's expert testimony as to yield-per-plant, the recovered plants had a potential yield of six pounds of saleable marijuana, which he stated was inconsistent with growing for personal use.

Over a period of twenty-seven days, from July 22, 1999 to August 17, 1999, police videotaped activity around the marijuana plants.  During that time period, Dolan was the only person seen exercising dominion and control over the plants.  He supervised the growth of the plants by watering them, plucking their leaves, and removing the larger plants while leaving the smaller immature plants behind.

Dolan's systematic removal of the more mature plants, mid-way through the growing season, was consistent with testimony describing the manufacturing of marijuana.  Detective Board, qualified by the trial court as an expert in the manufacture and distribution of marijuana, testified the marijuana growing season runs from April to September.  During the growth season, the typical growing pattern for marijuana is to start with seeds in a cup.  After the seeds begin to sprout, they are placed in a pot.  The plant remains in the pot until it grows tall enough to be transplanted into the ground so that it can "fruit itself better."

-

In addition, the fact that no lighting devices, packing materials, or distribution equipment were found does not discount the conclusion that the marijuana plants were being manufactured for distribution.  The marijuana plants were cultivated outdoors so lighting devices were unnecessary.  It is also unreasonable to expect to find packaging and distribution materials where seedlings were being started.  According to the expert, no grower would have attempted to harvest the marijuana at that time, based on the size of the plants.  At most, a grower might pull pieces off the plant in furtherance of the growth.  Dolan was in no position to begin packaging the marijuana at the time of his arrest.

For these reasons we conclude that the evidence was sufficient for the trial court to find Dolan guilty of manufacturing marijuana not for his own use.

The judgment of the trial court is affirmed.

<u>Affirmed</u>.

-