687 S.E.2d 557

**Kevin L. HOLLOWAY**

v.

**COMMONWEALTH of Virginia.**

**Record No. 0828–08–1.**

Court of Appeals of Virginia,
Richmond.

Jan. 26, 2010.

610

612

S. Jane Chittom, Appellate Defender (Office of the Appellate Defender, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (William C. Mims, Attorney General, on brief), for appellee.

Present: ELDER, ALSTON, JJ., and CLEMENTS, S.J.

ALSTON, Judge.

Kevin L. Holloway (appellant) was convicted of possession with intent to distribute an imitation controlled substance, in violation of Code § 18.2–248, and assault and battery of a law enforcement officer, in violation of Code § 18.2–57. On appeal, appellant contends the evidence was insufficient to prove he possessed an imitation controlled substance with the intent to distribute. Further, appellant argues the evidence failed to prove he possessed the requisite state of mind to sustain the conviction of assault and battery on a law enforcement officer. Because the evidence was insufficient to show that the quantity of substance possessed was inconsistent with personal use, we reverse appellant's conviction for possession with intent to distribute. However, for the following reasons, we affirm the trial court's decision regarding the conviction for assault and battery on a law enforcement officer.

## I. BACKGROUND

### A. Possession with Intent to Distribute

On the evening of August 19, 2006, the Portsmouth City Police Department received a report of a man carrying a handgun on the porch of a Portsmouth residence.[1] When

---

1. No gun was found or seen by the officers responding, and the Commonwealth does not allege that appellant possessed a gun.

officers arrived, they observed appellant standing on the porch of the home. He matched the description provided to the officers by the police department dispatcher. Because there was a low wall enclosing the porch, the officers were unable to see appellant's hands, which were by his side. The officers ordered appellant to place his hands where they could see them, and step out from behind the porch's wall.

As Officer R. Riddle approached appellant, he witnessed appellant make a "pitching motion" with his left hand toward the front door of the residence. Because of the porch's low wall, Officer Riddle was unable to discern what appellant threw. The officers ordered appellant to the ground, and as Officer Riddle advanced toward the house, he observed a package resting on the porch in the vicinity of where appellant directed the pitching motion. Approximately fifteen to thirty seconds elapsed between the time appellant moved his arm and Officer Riddle's observation of the package. The package consisted of three small "corner baggies," each containing what appeared to be $20 worth of crack cocaine. Testing later revealed the substance was not actually crack cocaine.

During the officers' interaction with appellant, no one else entered the porch area. The officers did not find any scales, packaging materials, or ingestion devices, either around the porch or on appellant's person. Officer Riddle testified that appellant did not have any money on his person, or if he did, it was "a minimal amount, not worth recovering." Appellant was arrested that evening.

At trial, Detective K. Gavin was offered, without objection, as an expert in the use, packaging, and distribution of narcotics. He testified that possession of three individually wrapped rocks of an imitation controlled substance, without possession of a smoking device, is inconsistent with personal use. He stated, "[T]here is no reason to possess an imitation controlled substance unless [an individual was] either ripped off or . . . possessed it to distribute." Detective Gavin characterized the three $20 rocks of imitation crack cocaine, as "individually wrapped for resale," and opined, "It is not cost effective for a

user to purchase three twenty-dollar rocks individually, packaged that way, for sixty dollars. They could get a lot more crack if they purchase[d] it in a larger quantity." Detective Gavin noted one of the factors considered when determining whether an individual possesses drugs for personal use is the presence of a smoking device, because the "only way to introduce crack cocaine into your system is through smoking it." He stated that "normal user[s]" "maintain a stem or crack pipe on their person when they purchase crack cocaine." However, when asked during cross-examination whether some users might not carry a smoking device on their persons, Detective Gavin responded, "Anything's possible."

After the close of the Commonwealth's case, appellant moved to strike the evidence on the ground that the evidence was insufficient to show that appellant possessed the imitation substance with the intent to distribute it, because the evidence was equally consistent with the hypothesis that appellant had been "ripped off" and possessed the imitation substance for personal use. The trial court denied the motion and convicted appellant of possession of an imitation controlled substance with intent to distribute.

### B. Assault and Battery on a Law Enforcement Officer

Following appellant's arrest, Officer Riddle transported appellant to the magistrate's office. There, appellant became belligerent toward the magistrate, who instructed Officer Riddle to remove appellant from her office. As Officer Riddle escorted appellant down the hallway, appellant stopped walking and "slammed his body back" into the officer's body, causing Officer Riddle "to go off balance." Appellant began to pull away from the officer, who subsequently "slammed [appellant] down on the ground, [and] got on top of him to try to get him under control." During the struggle with the officer, appellant kicked Officer Riddle's right leg, and then attempted to kick Officer Riddle in the head. Officer Riddle avoided being struck in the face by moving his head just before the blow landed.

During his motion to strike at trial, appellant argued that there was insufficient evidence to convict appellant of assault and battery of a police officer because there was no evidence that the kick or attempt to kick were intentional. Rather, appellant argued that he was merely struggling after being forced to the ground. The trial court overruled the motion, and found appellant guilty of assault and battery on a police officer.

Appellant timely noted his appeal to both charges, and this appeal followed.

## II. ANALYSIS

■ On appeal, "we review the evidence in the 'light most favorable' to the Commonwealth." *Pryor v. Commonwealth,* 48 Va.App. 1, 4, 628 S.E.2d 47, 48 (2006) (quoting *Commonwealth v. Hudson,* 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)). "Viewing the record through this evidentiary prism requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cooper v. Commonwealth,* 54 Va.App. 558, 562, 680 S.E.2d 361, 363 (2009) (quoting *Parks v. Commonwealth,* 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis omitted)). The trial court's judgment should be affirmed unless it is without evidence to support it as a matter of law. *Green v. Commonwealth,* 223 Va. 706, 712, 292 S.E.2d 605, 609 (1982).

### A. Possession with Intent to Distribute

■ On appeal, appellant argues that while the evidence may be sufficient to prove possession of the imitation controlled substance, it was insufficient to establish that he possessed the substance with the intent to distribute under Code § 18.2–248(A). Code § 18.2–248(A) states, in pertinent part: "Except as authorized in the Drug Control Act . . ., it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or

distribute a controlled substance or an imitation controlled substance." In order to prove intent to distribute, the Commonwealth may rely on circumstantial evidence, so long as it excludes every reasonable hypothesis of innocence. *See Emerson v. Commonwealth,* 43 Va.App. 263, 277, 597 S.E.2d 242, 249 (2004); *Servis v. Commonwealth,* 6 Va.App. 507, 524, 371 S.E.2d 156, 165 (1988).

Virginia courts have considered a number of factors alone and in combination when determining if intent to distribute exists. "When the proof of intent to distribute . . . rests upon circumstantial evidence, the quantity which the defendant possesse[d] is a circumstance to be considered." *Dukes v. Commonwealth,* 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). If the quantity of drugs possessed is greater than that ordinarily possessed for personal use, that fact alone may be sufficient to prove intent; however, where the quantity is small, the fact finder may infer the drugs were intended for personal use. *Early v. Commonwealth,* 10 Va.App. 219, 222, 391 S.E.2d 340, 341 (1990) (citing *Dutton v. Commonwealth,* 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)) (possession of less than one gram of cocaine creates an inference that the cocaine was possessed for personal use); *see also Monroe v. Commonwealth,* 4 Va.App. 154, 156, 355 S.E.2d 336, 337 (1987).

To overcome the inference created when a quantity of imitation drug possessed is consistent with personal use, the Commonwealth may present other circumstances for the fact finder's consideration, such as the accused's conduct and statements. *Long v. Commonwealth,* 8 Va.App. 194, 198, 379 S.E.2d 473, 476 (1989). A trier of fact may also consider how the drugs were packaged. *Dukes,* 227 Va. at 122–23, 313 S.E.2d at 383–84; *Monroe,* 4 Va.App. at 156, 355 S.E.2d at 337. " 'However, even if the substance is packaged for distribution, there must be additional evidence to preclude the inference that it was purchased in the packaged form for personal use[,] rather than being held in that fashion for distribution.' " *Servis,* 6 Va.App. at 524, 371 S.E.2d at 165 (quoting *Monroe,* 4 Va.App. at 156, 355 S.E.2d at 337); *accord*

*Dukes,* 227 Va. at 123, 313 S.E.2d at 384. For example, " 'the presence of a large, or bulk, quantity from which smaller packages may have been made up for distribution' " may preclude the inference that the defendant possessed the illegal substance for personal use. *Id.* (quoting *Monroe,* 4 Va.App. at 156–57, 355 S.E.2d at 337). Likewise "the presence of paraphernalia [e.g., scales, baggie corners, or razor blades] used in the packaging process" is inconsistent with possession for personal use. *Hambury v. Commonwealth,* 3 Va.App. 435, 438, 350 S.E.2d 524, 525 (1986).

"The presence of an unusual amount of money suggesting profit from sales, is another circumstance that negates an inference of possession for personal use." *Servis,* 6 Va. App. at 524, 371 S.E.2d at 165 (citing *Colbert v. Commonwealth,* 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978); *Dukes,* 227 Va. at 123, 313 S.E.2d at 384; *Wells v. Commonwealth,* 2 Va.App. 549, 551–52, 347 S.E.2d 139, 140 (1986)). The absence of an ingestion device and the presence of a firearm are also factors that may be considered. *Shackleford v. Commonwealth,* 32 Va.App. 307, 327–28, 528 S.E.2d 123, 133 (2000) (citing *Langston v. Commonwealth,* 28 Va.App. 276, 286, 504 S.E.2d 380, 385 (1998)). Finally, the fact finder may consider the testimony of expert witnesses to determine if possession of an imitation or controlled substance is for personal use or distribution. *Id.* at 327, 528 S.E.2d at 133 (citing *Rodriguez v. Commonwealth,* 18 Va.App. 277, 443 S.E.2d 419 (1994) (*en banc*), *aff'd,* 249 Va. 203, 454 S.E.2d 725 (1995); *Poindexter v. Commonwealth,* 16 Va.App. 730, 432 S.E.2d 527 (1993)).

The Commonwealth need not present evidence of each of the above factors; however, competent evidence that overcomes the inference that the substance was possessed for personal use is necessary for the evidence to be sufficient as a matter of law. *See Dukes,* 227 Va. at 122–23, 313 S.E.2d at 383–84 (possession of one-half ounce of marijuana packaged in three small envelopes, and absent drug paraphernalia or an unusual amount of money is insufficient evidence to convict an individual of possession with intent to distribute); *Askew v.*

*Commonwealth,* 40 Va.App. 104, 111, 578 S.E.2d 58, 62 (2003) (possession of $700 worth of crack cocaine, a pager, and $65 in small bills, coupled with the absence of a personal ingestion device, was inconsistent with personal use); *White v. Commonwealth,* 25 Va.App. 662, 668, 492 S.E.2d 451, 454 (1997) (*en banc* ) (possession of a relatively small amount of cocaine, together with possession of a pager, an electronic scale, and $581 in small denominations, supports a trial court's finding that defendant possessed the cocaine with intent to distribute).

In the instant case, appellant was found with a small amount of imitation crack cocaine, wrapped in three baggie corners that would have cost about twenty dollars each if the substance was actually crack cocaine. Appellant did not have an ingestion device on his person. The officers did not recover from appellant or the surrounding area any firearms, unusual sums of money, or equipment related to drug distribution, such as scales or empty baggies.

The Commonwealth's expert witness, Detective Gavin, testified that the following factors were inconsistent with personal use: the method of packaging the substance, the absence of an ingestion device, and the fact that the "crack cocaine" was imitation crack cocaine, rather than the authentic drug. However, Detective Gavin also testified that it was possible for a crack user *not* to carry a crack pipe on his person. Further, he testified that a person could possess imitation controlled substances because "they were *either* ripped off *or* possessed it to distribute." (Emphasis added).

Under the facts and circumstances of this case, we find that the evidence is insufficient as a matter of law to convict appellant of possession of an imitation substance with the intent to distribute. We do not doubt Detective Gavin's credibility as an expert in narcotics distribution, but his testimony is only "one factor or circumstance" that we "may consider in determining whether drugs were possessed with intent to distribute," *Askew,* 40 Va.App. at 110, 578 S.E.2d at 61, and his testimony alone is insufficient to overcome the inference in this case that appellant possessed the substance

for personal use. The Commonwealth suggests that because the substance possessed was an imitation that could not be used for personal purposes, *a fortiorari* it must have been possessed by the appellant for distribution. There was nothing in the record to suggest that appellant knew that the substance he possessed was not cocaine.

Moreover, there was no proffer by the Commonwealth that the quantity of imitation substance, *standing alone*, was inconsistent with personal use.[2] We must then turn to the other circumstances presented to determine appellant's intent. Neither appellant's words, nor conduct, indicated he possessed the drugs with intent to distribute. Further, the record shows that no firearms, drug paraphernalia associated with distribution, or unusual sums of cash were recovered. Essentially, the record is devoid of any of the traditional indicators or circumstances suggesting an intention on the part of appellant to distribute the substance.

Nonetheless, the Commonwealth asserts that because the "drugs" were packaged in separate baggies, the trier of fact rightfully concluded that the imitation substance was possessed for distribution. However, there was no evidence that precluded the inference that appellant purchased the imitation controlled substance in packaged form, other than Detective Gavin's opinion that appellant could have gotten more for his money if he bought one larger rock of cocaine, rather than three smaller rocks.

Finally, the fact that the substance was imitation is not a dispositive factor. Detective Gavin testified that the fact that the packages contained an imitation substance indicated one of two possibilities: appellant was either "ripped off" or he intended to distribute the drug. Thus, Detective Gavin hypothesized that it was possible that appellant was deceived

---

2. Detective Gavin testified that the three rocks would be more than a new user could consume in a short period of time; however, he did not testify as to how much cocaine a regular or experienced cocaine user could possibly consume. Thus, the record is silent as to whether this is an amount inconsistent with personal use.

into purchasing what he believed to be crack cocaine. At best, Detective Gavin's opinion on this issue and its effect on appellant's exposure to culpability is ambiguous. Accordingly, the evidence in this case does not exclude the reasonable hypothesis that appellant possessed the substance for personal use.

### B. Assault and Battery of a Law Enforcement Officer

 Code § 18.2–57(C) prohibits a person from committing an assault and battery knowing or having reason to know that the victim is a law enforcement officer.

> An assault is "an attempt with force and violence, to do some bodily hurt to another, whether from wantonness or malice, by means calculated to produce the end if carried into execution; it is any act accompanied with circumstances denoting an intention, coupled with a present ability, to use actual violence against another person." Battery is the actual infliction of corporal hurt on another that is done willfully or in anger.

*Montague v. Commonwealth*, 278 Va. 532, 541, 684 S.E.2d 583, 589 (2009) (quoting *Zimmerman v. Commonwealth*, 266 Va. 384, 387, 585 S.E.2d 538, 539 (2003)) (citations omitted). Appellant concedes that the required mental state can be imputed from the commission of a reckless act. *Davis v. Commonwealth*, 150 Va. 611, 619, 143 S.E. 641, 643 (1928) ("an intention to injure ... may be inferred in law from the consequences that are naturally to be apprehended as the result of the particular act, the doing of which was intentional"). Furthermore, appellant's " 'intent must be determined from the outward manifestation of his actions leading to usual and natural results, under the peculiar facts and circumstances disclosed. This determination presents a factual question which lies peculiarly within the province of the jury.' " *Hughes v. Commonwealth*, 18 Va.App. 510, 519, 446 S.E.2d 451, 457 (1994) (*en banc*) (quoting *Ingram v. Commonwealth*, 192 Va. 794, 801–02, 66 S.E.2d 846, 849 (1951)).

Appellant does not contend that he did not know Officer Riddle was a law enforcement officer. Instead, he argues that

the Commonwealth failed to prove that he possessed the requisite state of mind to convict him of the crime. Appellant contends that Officer Riddle's testimony merely amounts to an allegation that appellant came to a sudden stop, causing the officer to collide with appellant. Appellant argues that this action was not intentional, reckless, or harmful to the officer. Appellant then asserts that his subsequent kicks to the officer's leg and head were unintentional, and merely movements in appellant's struggle to get Officer Riddle off of him. Appellant contends that the contact between the officer and appellant was unintentional on appellant's part; thus, appellant asserts that the required mental state has not been proven.

We disagree with appellant and find that the Commonwealth provided sufficient evidence as to the element of intent. The evidence showed that appellant behaved belligerently in the presence of the magistrate moments before his physical confrontation with the police officers and that the contact between appellant and Officer Riddle occurred as Officer Riddle was attempting to escort appellant from the magistrate's office. Officer Riddle testified that appellant came to a sudden stop and "slammed" his body back into the officer. Appellant then kicked Officer Riddle's leg and attempted to kick Officer Riddle in the head. Based on this evidence, the trial court's determination that appellant committed assault and battery on Officer Riddle was not plainly wrong or without evidence to support it.

## III. CONCLUSION

We conclude that based on the facts of this case, the evidence is insufficient as a matter of law to convict appellant of possession of an imitation controlled substance with the intent to distribute in violation of Code § 18.2–248, as the evidence does not preclude the reasonable hypothesis of possession for personal use. We also hold that the evidence was sufficient to find appellant committed assault and battery on an individual he knew was a law enforcement officer, in

violation of Code § 18.2–57(C). Accordingly, the judgment of the trial court is reversed in part, and affirmed in part.

*Affirmed in part and reversed in part.*