## Richmond

### JERRY WAYNE ADKINS v. COMMONWEALTH OF VIRGINIA.

November 24, 1976.

Record No. 760498.

Present, All the Justices.

*William E. Bobbitt, Jr.,* for plaintiff in error.

*Jim L. Chin, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

I'ANSON, C.J., delivered the opinion of the court.

Defendant, Jerry Wayne Adkins, was convicted by the trial court, sitting without a jury, of possession of marijuana with intent to distribute in violation of Code § 54-524.101:1. He was found guilty as charged and sentenced to confinement in the State penitentiary for a term of five years.

The defendant contends that the evidence was insufficient (a) to show possession of the marijuana seized, and (b) to prove that defendant had an intent to distribute the drug.

The uncontroverted evidence shows that at approximately 12:30 a.m. on September 5, 1975, an anonymous caller informed Trooper Jordan of the Virginia State Police that the defendant would be transporting drugs from Staunton to Craigsville later that morning. Trooper Jordan, who was acquainted with defendant. and knew that his driver's license had been revoked, patrolled the road leading from Staunton to Craigsville and spotted defendant's car at about 4:30 a.m. After stopping defendant's car by flashing his red light, Jordan saw a person move from the driver's seat to the passenger's seat in the car. Two persons were also seen in the back seat.

Upon approaching defendant's car, Jordan noticed that the two persons in the back seat were asleep and that the defendant was alone in the front seat with his eyes closed. When Jordan opened the left front door of the car he saw in plain view a plastic bag containing 178 grams of marijuana on the floorboard on the driver's side of the car. He then arrested the defendant for driving while his permit was revoked and for possession of marijuana with intent to distribute. In searching defendant's car, Jordan found in the glove compartment a tea container with less than one gram of marijuana and in the trunk a small bag containing six grams of marijuana. The total amount of marijuana seized was approximately six ounces.

Defendant, relying on *Crisman* v. *Commonwealth*, 197 Va. 17, 87 S.E.2d 796 (1955), argues that the evidence was insufficient to show that he was in possession of the marijuana because his mere presence in the car did not establish his knowledge of the presence of drugs. *Crisman* has no application because it is readily distinguishable on the facts from the present case. In *Crisman* there were five occupants of the car and two of them were charged with possession of the small quantity of drug found on the floor in front of the back seat. In reversing the conviction we said the conclusion that the defendants, who occupied the back seat, possessed the drug was based on speculation and surmise.

We hold the evidence, in the present case, shows beyond a reasonable doubt that the defendant was in possession of the marijuana seized. It can be reasonably inferred that one of the bags of marijuana found was directly at defendant's feet before he shifted to the passenger seat of the car. Defendant was the only person in the front seat before and after his car was stopped

by Trooper Jordan. The marijuana was in the defendant's own car and within the area of his immediate control. Thus it can be inferred that he had knowledge of the presence of the marijuana at his feet and that he intentionally and consciously possessed it. *Ritter* v. *Commonwealth,* 210 Va. 732, 741, 173 S.E.2d 799, 805, 806 (1970). Moreover, it can also be inferred that defendant intentionally and consciously possessed the marijuana found in the glove compartment and the trunk of his automobile. *See Robbs* v. *Commonwealth,* 211 Va. 153, 156, 176 S.E.2d 429, 431 (1970).

Defendant contends that even if he were in possession of the marijuana, there is no evidence from which it can be inferred that he intended to distribute it. Relying on *Sharp* v. *Commonwealth,* 213 Va. 269, 192 S.E.2d 217 (1972), he argues that the quantity of marijuana found in his possession cannot, standing alone, support an inference that he intended to distribute the drug.

In *Sharp,* we held that it was reversible error to instruct the jury, based on Code § 54-524.101(a),[1] that a finding of intent to distribute may be based solely on the quantity of marijuana possessed. We concluded in *Sharp* (a) that the statute was unconstitutionally vague and ambiguous because it did not enable a person of ordinary intelligence to know whether he was guilty of the misdemeanor of possession or the felony of intent to distribute, and (b) that the statutory inference or presumption of possession with intent to distribute did not have sufficient rational connection with the fact of possession of a quantity of a controlled drug. But our holding did not preclude a finding that quantity alone, under certain circumstances, could create an inference of intent to distribute.

In *Hunter* v. *Commonwealth,* 213 Va. 569, 193 S.E.2d 779 (1973), we made it abundantly clear that quantity may be considered along with other circumstances to support an inference of intent to distribute and that quantity alone, under certain circumstances, may be sufficient to support an inference of intent to distribute. There we said:

"*Sharp* did not hold that quantity cannot be considered as an element of proof of intent to distribute. Intent necessarily

---

[1]. The 1972 General Assembly repealed § 54-524.101. Code § 54-524.101:1 was enacted in lieu thereof and it does not contain the language relating to quantity which appeared in § 54-524.101(a). See now § 18.2-248.

must be proved by circumstances. Quantity, when considered in context with other circumstances, is a circumstance which may have significant probative value. . . . Indeed, quantity, when greater than the supply ordinarily possessed by a narcotics user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute." 213 Va. at 570, 193 S.E.2d at 780.

In *Hunter*, we considered five separate factual circumstances in reaching the conclusion that the defendant intended to distribute heroin; namely: the defendant had 71 capsules of heroin, an amount grossly in conflict with the hypothesis that the drug was solely for his own use; the heroin was packaged in a distributable form; the defendant was not a resident of the apartment in which he was apprehended; all the capsules were on defendant's person; and while there was no evidence that defendant himself was a heroin user, several other people in the room had recently injected the drug. These are not the only indicia of intent to distribute. They do, however, form a basis of comparison by which to judge the facts here.

In the present case there was no showing that (1) the amount of the marijuana possessed was incompatible with the hypothesis that defendant had it for his own use; (2) that the passengers in the defendant's car had been smoking marijuana; or (3) that it was packaged for distribution. It is thus distinguishable on the facts from our holding in *Hunter*.

In cases involving crimes which require an act coupled with a specific intent, as here, proof of intent is essential to conviction. While intent may be shown by circumstantial evidence, the existence of intent cannot be based upon speculation or surmise. *Patterson* v. *Commonwealth*, 215 Va. 698, 213 S.E.2d 752 (1975).

To hold under the evidence presented that the defendant possessed the marijuana with intent to distribute, the trial court had to resort to speculation and surmise. Hence, the conviction is set aside and reversed and the case remanded for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*