Richmond

RONNIE WAYNE DUTTON

v.

COMMONWEALTH OF VIRGINIA

February 29, 1980.

Record No. 790524.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*William B. McLeod; Ammon G. Dunton (Dunton, Simmons & Dunton, on brief), for appellant.*

*Guy W. Horsley, Jr., Assistant Attorney General (Marshall Coleman, Attorney General, on brief), for appellee.*

PER CURIAM.

Ronnie Wayne Dutton was tried by the court below, sitting without a jury, upon an indictment charging him with possession of marijuana with intent to distribute. He was found guilty as charged, and his punishment was fixed at confinement in the penitentiary for five years, with execution of three years of the sentence suspended upon certain specified conditions. In his appeal, Dutton challenges the sufficiency of the evidence to show intent to distribute marijuana.

On June 18, 1978, Sheriff D. C. Benson of Lancaster County, acting upon information received by him, stopped at the Lively Recreation Center ball park a 1967 Chevrolet owned and operated by Dutton, in which three other young men were riding as passengers. The Sheriff and one of his deputies searched the vehicle. They found "underneath" the driver's seat a small plastic bag that contained what appeared to be one-half ounce of marijuana, and a large zip-lock plastic bag within which were four bags, each containing what appeared to be one ounce of marijuana. The officers also found elsewhere in the car three pipes, a vial, and two canisters that tested positively for marijuana. Chemical analysis established that the bags and paraphernalia contained 90 grams of marijuana, or slightly more than three ounces.

Dutton and the other occupants of his automobile, Isaac Robert Brooks, Fred Allen Brown, and Joseph Charles Watts, were arrested and charged with possession of marijuana with intent to distribute. All four were from Manassas and were either 20 or 21 years of age; Dutton told Sheriff Benson that they had come to Lancaster County for a softball tournament. Benson testified that the charges against Brooks, Brown, and Watts had been reduced at trial to mere possession of marijuana. The Commonwealth's evidence against Dutton

consisted of Benson's testimony and the report of the laboratory analysis; Dutton presented no evidence.

The trial court distinguished Dutton's status from that of his companions on the grounds that Dutton was operating his own vehicle, that the bags of marijuana were found underneath the driver's seat, and that they were "not divided among all of [the occupants]." The court, concluding that all of the facts and circumstances "indicate[d]" that Dutton had the marijuana in his possession with intent to distribute, convicted him of that offense. On appeal, Dutton concedes that the evidence is sufficient to establish that he was guilty of possession of marijuana, but he contends that the evidence is insufficient to show an intent to distribute. We agree.

In several recent cases, we have outlined the nature and extent of the circumstantial evidence required to convict of possession with intent to distribute controlled drugs. The quantity of narcotics found in the possession of a defendant is a circumstance to be considered with other circumstances in determining intent, and quantity alone, when greater than the supply ordinarily possessed by a narcotics user for his personal use, may be sufficient to establish an intent to distribute. *Hunter* v. *Commonwealth*, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973). In that case, the defendant had in his exclusive possession a bottle containing 71 capsules of heroin. There was no evidence that he was a user of heroin, but there was evidence that one or more of his companions had recently injected a capsule of heroin taken from the bottle, that the defendant was not a resident of the apartment where he was apprehended, and that the heroin was packaged in distributable form. We held the evidence sufficient to support the conviction of possession of heroin with intent to distribute.

In *Adkins* v. *Commonwealth*, 217 Va. 437, 229 S.E.2d 869 (1976), we held the evidence insufficient to support the conviction of possession of marijuana with intent to distribute. The arresting officer had stopped the defendant's automobile and observed in plain view a plastic bag containing 178 grams of marijuana on the floorboard on the driver's side of the vehicle, where the defendant had been sitting. Two passengers were asleep on the back seat. Less than one gram of marijuana was found in the glove compartment of the car and a small bag containing six grams was discovered in the trunk. The total amount of marijuana seized was approximately six ounces. We distinguished *Hunter* in that here there was no showing that the passengers had been smoking marijuana, that the marijuana was packaged for distribution, or that the quantity possessed was incompatible with the hypothesis

that the defendant had it for his own use. *Id.* at 440, 229 S.E.2d at 871.

Possession of a smaller quantity of marijuana than the amount seized in *Adkins,* however, when considered with other circumstances, may be sufficient to establish an intent to distribute. In *Colbert* v. *Commonwealth,* 219 Va. 1, 244 S.E.2d 748 (1978), law enforcement officers were called to quell a disturbance at the rear of a van parked on the grounds where a "rock" concert was being conducted. Shortly after the van moved away, the officers saw it illegally parked nearby in a prohibited area, and approached to investigate. One of the officers observed the defendant, who was alone in the van, remove a white bucket that rested between his legs and place it behind the seat. Another officer observed what appeared to be a bag of marijuana over the sun visor. In the ensuing search, five "nickel" (half-ounce) bags of marijuana were found in the white bucket and a large plastic bag containing some residue of marijuana was discovered on the seat occupied by the defendant. On defendant's person, the officers found more than $200 in "$10's, $20's and $1's and $5's", not folded but "just stuffed down" in his pocket. The total quantity of marijuana was only 54.2 grams, less than two ounces; nevertheless, we held that the evidence was sufficient to support the conviction of possession with intent to distribute.

Although the quantity in *Colbert* was small, the jury could have inferred that the marijuana seized was a remnant from a larger supply held for sale. The jury also could have found from the evidence that the marijuana packaged in the "nickel" bags had been transferred from the large plastic bag to facilitate distribution. There was no evidence that the defendant personally used marijuana. We held that the evidence, including the testimony as to the money found on the defendant's person, could have led the jury to the reasonable conclusion that the defendant had made numerous sales of marijuana at the "rock" concert.

■ In the present case, although the marijuana found in the plastic bags also was packaged for distribution, no evidence precluded the inference that the quantity seized was for the personal use of Dutton. We hold that the evidence is insufficient to support Dutton's conviction of possession of marijuana with intent to distribute.

Accordingly, we will reverse the judgment of the trial court, and remand the case for a new trial on the lesser included offense of possession of marijuana.

*Reversed and remanded.*