COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


GILBERTO EADLEY HANSELL

                                MEMORANDUM OPINION[*] BY
v.         Record No. 1986-96-1     JUDGE JERE M. H. WILLIS, JR.
                                       JUNE 24, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

Jeffrey C. Rountree for appellant.

Monica S. McElyea, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


On appeal from his conviction of possession of marijuana
with intent to distribute, Gilberto Eadley Hansell contends that
the Commonwealth failed to prove his intent to distribute.  We
find no error and affirm the judgment of the trial court.

On July 26, 1995, the Newport News police officers executed
a search warrant at the home of Hansell and his wife, a two-story
apartment with several bedrooms located upstairs.  In the first
bedroom, the officers found eleven zip-lock bags of marijuana,
weighing a total of 0.54 ounce, in a bowl on top of a dresser.
Hansell admitted that he slept in this bedroom when his
stepdaughter was away.  At the time of the search, his
stepdaughter had been visiting her father for approximately two
weeks.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

In the second bedroom, the officers discovered fourteen tied, plastic bag corners of marijuana, weighing a total of 1.89 ounces, in a duffel bag.  They also discovered a zip-lock bag of marijuana weighing 0.01 ounce in a stereo speaker.  Several dissimilar, empty zip-lock bags were found in the kitchen.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987) (citing Code § 8.01-680).

Proof of "specific intent" is essential to a conviction for possession with intent to distribute a controlled substance. Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).  "Where . . . the Commonwealth's evidence of intent to distribute is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Wells v. Commonwealth, 2 Va. App. 549, 551, 347 S.E.2d 139, 140 (1986).

Hansell does not argue that the evidence is insufficient to prove that he possessed marijuana.  He contends that the evidence is insufficient to prove his intent to distribute.

Possession of a small quantity of drugs, when considered

with other circumstances, may be sufficient to establish an intent to distribute.  Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980).  "Indeed, quantity, when greater than the supply ordinarily possessed by a [marijuana] user for his personal use, is a circumstance which, standing alone, may be sufficient to support a finding of intent to distribute."  Hunter v. Commonwealth, 213 Va. 569, 570, 193 S.E.2d 779, 780 (1973).  See Josephs v. Commonwealth, 10 Va. App. 87, 102, 390 S.E.2d 491, 499 (1990) (en banc).  Other circumstances may also be considered, including the method used to package the controlled substance.  Monroe v. Commonwealth, 4 Va. App. 154, 156, 355 S.E.2d 336, 337 (1987).

Twenty-six bags of marijuana were seized.  While Hansell and his wife admitted using marijuana, Officer LaCroy testified that, based upon his experience, the amount and packaging of the marijuana was inconsistent with personal use.[1]  See Davis v. Commonwealth, 12 Va. App. 728, 731-32, 406 S.E.2d 922, 923 (1991).

Additionally, "[t]he factfinder need not believe the accused's explanation and may infer that he is trying to conceal

---

[1]Officer LaCroy testified that users of marijuana purchase typically one or two "dime bags" of marijuana at a time, three being the most.  He also explained that:  "If you're going to buy a [large] quantity then it would be more economical to buy large amounts in large bags and not make the [dealer] . . . break it down and place it into small tiny bags, zip them up or tie them off into knots.  There's a lot more work than just putting it into one big bag."

his guilt". <u>Black v. Commonwealth</u>, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981). <u>See also</u> <u>Estes v. Commonwealth</u>, 8 Va. App. 520, 524, 382 S.E.2d 491, 493 (1989) ("The credibility of the witnesses is within the exclusive province of the finder of fact . . . ."). Eleven bags of marijuana were lying in plain view in a vacant bedroom used by Hansell. Yet, Hansell, a marijuana user, testified that he had no knowledge of the presence of the marijuana in his residence, or how the twenty-six bags of marijuana ended up in his house. The trial court, sitting without a jury, heard the evidence. It observed the witnesses' demeanor, appearance and manner of testifying. It was entitled to infer that Hansell lied to conceal his guilt.

The evidence sufficiently supported the trial court's finding that Hansell intended to distribute the marijuana. Considered together, the method of packaging and the quantity of marijuana found proved an intent to distribute. Hansell's lack of credibility provided an additional ground upon which the trier of fact could infer his guilt. The judgment of the trial court is affirmed.

<u>Affirmed.</u>