COURT OF APPEALS OF VIRGINIA


Present:  Judges Frank, Felton and Kelsey
Argued at Richmond, Virginia


TYRONE ALLEN PATTERSON

                                      MEMORANDUM OPINION[*] BY
v.    Record No. 3330-01-2            JUDGE ROBERT P. FRANK
                                          DECEMBER 3, 2002
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Margaret P. Spencer, Judge

           Craig S. Cooley for appellant.

           Donald E. Jeffrey, III, Assistant Attorney
           General (Jerry W. Kilgore, Attorney General,
           on brief), for appellee.


     Tyrone Allen Patterson (appellant) was convicted in a bench

trial of possession of heroin with the intent to distribute, in

violation of Code § 18.2-248.  On appeal, he challenges the

sufficiency of the evidence to prove intent to distribute.[1]  For

the reasons stated, we affirm.

                In reviewing the sufficiency of the
                evidence, we examine the record in the light
                most favorable to the Commonwealth, granting
                to it all reasonable inferences fairly
                deducible therefrom.  See Martin v.

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] While appellant further contends the trial court erred in
qualifying Sergeant Capriglione as an expert witness in drug
distribution, this Court did not grant an appeal on that issue
and, therefore, we will not consider it.  See Code
§ 17.1-407(D); Rule 5A:15.

> Commonwealth, 4 Va. App. 438, 443, 358
> S.E.2d 415, 418 (1987).  The judgment of a
> trial court will be disturbed only if
> plainly wrong or without evidence to support
> it.  See id.  The credibility of a witness,
> the weight accorded the testimony, and the
> inferences to be drawn from proved facts are
> matters to be determined by the fact finder.
> See Long v. Commonwealth, 8 Va. App. 194,
> 199, 379 S.E.2d 473, 476 (1989).

Glasco v. Commonwealth, 26 Va. App. 763, 773, 497 S.E.2d 150,

155 (1998), aff'd on alt. grounds, 257 Va. 433, 513 S.E.2d 137

(1999).

> Where an offense consists of an act combined
> with a particular intent, proof of the
> intent is essential to the conviction.
> Patterson v. Commonwealth, 215 Va. 698, 699,
> 213 S.E.2d 752, 753 (1975).  Because direct
> proof of intent is often impossible, it must
> be shown by circumstantial evidence.  But
> "[w]here . . . the Commonwealth's evidence
> of intent to distribute is wholly
> circumstantial, 'all necessary circumstances
> proved must be consistent with guilt and
> inconsistent with innocence and exclude
> every reasonable hypothesis of innocence.'"
> Wells v. Commonwealth, 2 Va. App. 549, 551,
> 347 S.E.2d 139, 140 (1986) (quoting Inge v.
> Commonwealth, 217 Va. 360, 366, 228 S.E.2d
> 563, 567 (1976)).

> "The quantity of a controlled substance is a
> factor which may indicate the purpose for
> which it is possessed.  Possession of a
> small quantity creates an inference that the
> drug is for personal use."  Monroe v.
> Commonwealth, 4 Va. App. 154, 156, 355
> S.E.2d 336, 337 (1987).  Possession of a
> small quantity of a controlled substance,
> however, when considered with other
> circumstances, may be sufficient to
> establish an intent to distribute.  Dutton
> v. Commonwealth, 220 Va. 762, 765, 263
> S.E.2d 52, 54 (1980).

-

Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988).

Other factors to consider include the manner in which the drugs are packaged, the presence of a large amount of cash or firearms, and the presence of equipment related to drug distribution.  See, e.g., Dukes v. Commonwealth, 227 Va. 119, 123, 313 S.E.2d 382, 384 (1984) (considering the manner in which marijuana was packaged); Colbert v. Commonwealth, 219 Va. 1, 3-4, 244 S.E.2d 748, 749 (1978) (considering the packaging of the recovered marijuana and the discovery of over $200 in cash); Wells v. Commonwealth, 32 Va. App. 775, 782-83, 531 S.E.2d 16, 19 (2000) (considering evidence of drug distribution paraphernalia and of a large amount of cash); Clarke v. Commonwealth, 32 Va. App. 286, 305, 527 S.E.2d 484, 493 (2000) (considering where the drugs were found and the presence of a pistol).  Additional factors include a defendant's use of drugs, see, e.g., Poindexter v. Commonwealth, 16 Va. App. 730, 735, 432 S.E.2d 527, 530 (1993), and the absence of evidence suggesting personal use, see, e.g., Clarke, 32 Va. App. at 305, 527 S.E.2d at 493.

Appellant does not challenge the finding that he possessed heroin.  Instead, he contends the evidence was insufficient to establish he had an intent to distribute the drug.  However, consideration of the entirety of the evidence supports the trial court's finding of guilt.

-

Detective Breedlove of the Richmond Police Department stopped appellant's truck and executed a search warrant on appellant's person. Breedlove recovered a plastic baggy containing 32 plastic bag corners, each corner containing heroin, having a total weight of 1.89 grams and a street value of $640. The drugs were found in appellant's underwear.

Immediately thereafter, the police executed a search warrant at the residence on Nelson Street which appellant had left immediately before his vehicle was stopped. They recovered $2,148 in cash (two $50 bills, forty-five $20 bills, seventy-seven $10 bills, forty-six $5 bills and 148 $1 bills) and a "black digital scale," all found in a "back bedroom." Both the money and scales were inside a box in a dresser drawer. In the same drawer, police found financial documents addressed to appellant at the Nelson Street residence and mail "addressed to a Terry Pryor for Bunch Place." Officers also located an operating police scanner in the bedroom on a nightstand. Male and female clothing were found in the bedroom.

In a trash can in the kitchen, police found "sandwich baggies with the corners that had been cut out of them" and a pair of latex gloves. The gloves appeared to be "medical-type" gloves, as opposed to those used for dishwashing.

Officers did not find any drugs in the residence. No devices used to ingest drugs were found on appellant's person, in his car, or in the residence.

-

Sergeant Capriglione, who qualified as an expert witness in drug distribution, testified the thirty-two "hits" of heroin were inconsistent with personal consumption, which is usually one "hit" a day. On cross-examination, he conceded he could not completely exclude the possibility that an addict would have thirty-two "hits" for personal use. However, he testified he has not found "many [users] to make large purchases or bulk purchases like that." The expert further explained that the large sum of cash and its denominations, the packaging of the heroin, the scales, the scanner, and the latex gloves are all involved in illegal drug sales.

Appellant contends 1.89 grams of heroin is not a sufficient amount to prove intent. However, the amount of narcotics found is but one factor in distribution cases. Dutton, 220 Va. at 765, 263 S.E.2d at 54. Appellant then attempts to disassociate himself from the items found in the residence, arguing that those items are attributable to Terry Pryor. However, the fact finder could properly infer that the residence was appellant's, not Pryor's, since the mail found in the dresser was addressed to appellant at the residence's address. Even if Pryor had some interest in the items, the fact finder could infer appellant jointly possessed those items with Pryor. See Josephs v. Commonwealth, 10 Va. App. 87, 101-02, 390 S.E.2d 491, 499 (1990) (en banc).

-

Based on the totality of the circumstances, we find the evidence sufficient to convict.  We, therefore, affirm the conviction.

Affirmed.