COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Humphreys and Senior Judge Fitzpatrick
Argued at Alexandria, Virginia


ROBERT E. WILSON, JR.

                                 MEMORANDUM OPINION[*] BY
v.        Record No. 1832-05-4            JUDGE LARRY G. ELDER
                                      OCTOBER 3, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

Mark A. Vann (Vann & Vann, P.L.C., on brief), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Robert E. Wilson, Jr., appeals from his bench trial convictions for possession of a firearm

by a convicted felon and possession of marijuana.[1]  On appeal, he contends the evidence was

insufficient to support his convictions because it failed to prove beyond a reasonable doubt that

he constructively possessed the firearm and marijuana found in his van.  We hold the evidence

was sufficient to support both convictions, and we affirm.

Under familiar principles of appellate review, we examine the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible

therefrom.  Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence,

provided it is sufficiently convincing to exclude every reasonable hypothesis except that of

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant also was convicted for second offense driving under the influence and driving
on a suspended license.  He does not challenge those convictions in this appeal.

guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

To support a conviction based upon constructive possession of drugs or a firearm, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984) (drugs); Blake v. Commonwealth, 15 Va. App. 706, 708, 427 S.E.2d 219, 220 (1993) (applying same principles to constructive possession of firearm). Possession "need not always be exclusive. The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 89, 390 S.E.2d 491, 497 (1990) (en banc). Mere proximity to a controlled item, such as a gun or narcotics, is not legally sufficient by itself to establish dominion and control. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); Fogg v. Commonwealth, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975). For example, proof that illegal narcotics were "found in [the] premises or a vehicle owned or occupied by the [accused] is insufficient, standing alone, to prove constructive possession." Powers, 227 Va. at 476, 316 S.E.2d at 740. However, if the defendant owner of the vehicle is present in the vehicle when the drugs are found therein and the drugs are "within the area of his immediate control," the evidence may be sufficient to prove constructive possession. See Adkins v. Commonwealth, 217 Va. 437, 229 S.E.2d 869 (1976). In Adkins, for example, the Supreme Court held

> the evidence . . . show[ed] beyond a reasonable doubt that the
> defendant was in [constructive] possession of the marijuana seized.
> It can be reasonably inferred that one of the bags of marijuana
> found was directly at defendant's feet before he shifted to the

passenger seat of the car. [Although defendant had two passengers in the backseat of his car, he] was the only person in the front seat before and after his car was stopped by Trooper Jordan. The marijuana was in the defendant's own car and within the area of his immediate control. Thus it can be inferred that he had knowledge of the presence of the marijuana at his feet and that he intentionally and consciously possessed it.

Id. at 438-39, 229 S.E.2d at 870.

Appellant contends no evidence indicated he knowingly and intelligently exercised dominion and control over the weapon and the marijuana. We disagree and hold that, like in Adkins, the evidence was sufficient to prove appellant possessed both the pistol and the marijuana found in his vehicle.

It was uncontroverted that the van appellant was driving belonged to him. Although appellant apparently used the van in his work as a satellite dish installer and offered evidence that he often had an assistant who helped him with that work, it was uncontroverted that appellant took the van home with him every night and that his various assistants did not operate the van. At the time of the traffic stop, appellant was the driver, and the only other person in the van was appellant's nine-year-old son, who was sitting in the van's second row of seats.

Directly beneath appellant's seat at the time of the stop, Sergeant Danielson found a can that had been turned into a smoking device and contained "residue," and in the open center console that extended down from the dashboard at a slight angle, Sergeant Danielson found a clearly visible plastic baggie that was later determined to contain marijuana. Although the contents of the baggie were not visible, the baggie itself was in plain view, and both the bag and smoking device were within arm's reach of the driver's seat. Thus, here, as in Adkins, "it can be inferred that [appellant] had knowledge of the presence of the marijuana [within arm's reach] and that he intentionally and consciously possessed it." Adkins, 217 Va. at 439, 229 S.E.2d at 870. This was the only reasonable hypothesis flowing from the evidence, viewed in the light

- 3 -

most favorable to the Commonwealth. Based on the presence of the can and the value of the drugs, the trial court was entitled, as it did, to reject appellant's theory that someone else might have placed the marijuana in the van while it was unlocked at a job site. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (en banc) ("[T]he finder of fact may infer from the value of drugs found on premises owned or occupied by an individual that it is unlikely anyone who is a transient would leave a thing of great value in a place not under his dominion and control.").

Similarly, the evidence also supported a finding that appellant constructively possessed the firearm found in his van at the time of the stop. Appellant clearly had been drinking prior to the traffic stop, and Sergeant Danielson found one empty beer bottle and the remainder of a cold six-pack on the floor of the van immediately adjacent to the driver's seat. Directly beside the six-pack, also within reach of the driver's seat, was an empty firearms holster. The holster, which had an adjustable strap "to keep a weapon in place," was empty, but the holster "perfectly" fit the fully-loaded 45 caliber pistol Sergeant Danielson later found beneath the van's second row of seating. Danielson found the pistol in the middle of the bench seat, only an inch or two beneath it and directly behind where Sergeant Danielson had found the beer and holster. Further, the pistol was at an angle consistent with having been placed there by someone sitting in the van's driver's seat, with the hammer toward the edge of the seat and the barrel pointing toward the rear tire on the passenger side of the van.

Although Sergeant Danielson did not see appellant engage in any furtive gestures prior to pulling over, appellant did not stop immediately after Danielson activated his lights to initiate the traffic stop and instead proceeded forward and around a corner for a distance of about 350 yards before stopping. This delay permitted the inference that appellant, a convicted felon, had the pistol strapped into the holster within arm's reach when Sergeant Danielson first activated his

flashing lights and that appellant removed it from the holster and slipped it under the second seat before pulling to the side of the road. Additional evidence established that the pistol had a value of about $200 or $250. The trial court found the pistol was an item of value that someone was not likely to abandon or use in an attempt to frame appellant and that it was "an item of protection" its owner was likely to keep close at hand. Cf. id. (involving inference of unlikelihood of abandonment of item of value such as drugs).

The trial court was entitled to conclude, as it did, that the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, was that appellant constructively possessed the firearm.

Our holding in Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995), relied on by appellant, does not support a different result. The defendant in Hancock was seated behind the driver in the backseat of a car stopped by police. Id. at 468, 465 S.E.2d at 139. A total of four people were in the car. Id. After Hancock exited the vehicle, the police noticed a gun on the floorboard under the driver's seat, in the area where Hancock's feet had been. Id. We reversed Hancock's conviction, noting as follows:

> No evidence established that Hancock ever held the firearm, saw it, knew it was present, or exercised any dominion and control over it. See Powers, 227 Va. at 476, 316 S.E.2d at 740. The facts established no more than a mere suspicion that the firearm was possessed by Hancock or that he knew the firearm was under the driver's seat.

Id. at 472, 465 S.E.2d at 141.

Here, by contrast, appellant was the only adult in the van at the time of the stop, and the only other person in the vehicle was appellant's nine-year-old son. It was undisputed that the van belonged to appellant, and appellant was driving the van at the time of the stop. Appellant offered evidence that, in addition to him, the woman with whom he was living had driven the van on occasion, but the trial court, as the finder of fact, was entitled to reject this testimony and

to conclude that appellant was the only person who ever drove the van.  Further, the circumstances surrounding Sergeant Danielson's stop of appellant and the location of various items in appellant's van at the time of the stop, as discussed above, provided sufficient circumstantial evidence for the court to conclude that appellant constructively possessed both the marijuana and the firearm found in the van at that time.

Thus, we hold the evidence was sufficient to support appellant's convictions, and we affirm.

<u>Affirmed.</u>