COURT OF APPEALS OF VIRGINIA


Present:   Judges Beales, Powell and Alston
Argued at Richmond, Virginia


MICHAEL JOHNSON, S/K/A
  MICHAEL CRAIG JOHNSON, JR.
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0024-09-2                      JUDGE ROSSIE D. ALSTON, JR.
                                                         FEBRUARY 23, 2010
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                              James F. D'Alton, Jr. Judge

            Mary K. Martin for appellant.

            Benjamin H. Katz, Assistant Attorney General (William C. Mims,
            Attorney General, on brief), for appellee.


        Michael Johnson (appellant) appeals from his bench trial convictions for possession of

marijuana with intent to distribute, in violation of Code § 18.2-248.1, and possession of cocaine, in

violation of Code § 18.2-250.[1]  On appeal, appellant contends the trial court erred by failing to

suppress the evidence found in appellant's vehicle and, therefore, this Court should invoke the ends

of justice exception to Rule 5A:18 to permit appellate consideration of this issue.[2]  Further,

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Appellant was also charged with abduction; however, this charge was dismissed at trial,
and therefore, will not be discussed in this memorandum opinion.

        [2] We would note that in his brief, appellant stated that this Court ought to invoke the
"good cause" exception to Rule 5A:18, in addition to the "ends of justice" exception; however,
appellant provided no citation to legal authority to support his contention that the good cause
exception is applicable in the instant case.  Thus, we will not consider the "good cause"
exception on appeal.  Rule 5A:20(e); Jay v. Commonwealth, 275 Va. 510, 519-20, 659 S.E.2d
311, 316-317 (2008) (holding that when an appellant fails to provide in his brief the principles of
law, argument, and authorities related to a question presented, the appellate court generally
considers that issue to be waived).

appellant contends the evidence was insufficient to sustain his conviction for possession of marijuana with intent to distribute. We hold the trial court did not err, and we affirm appellant's convictions.

## I. BACKGROUND

The evidence showed that on June 30, 2007, appellant went to the hotel room where Jennifer Guptin (Guptin) and her husband were staying. According to Guptin's testimony at trial, appellant was a "crack dealer" to whom Guptin owed money for a previous sale of cocaine. Appellant asked Guptin to accompany him to his car, so that they could discuss her debt. Once they were inside his car, appellant told Guptin that he had "something he had to take care of," and asked her if she would go for a drive with him. Despite Guptin's desire to stay at the hotel, appellant left the parking lot and began driving toward his house.

Shortly thereafter, appellant and Guptin arrived at appellant's house and went inside. They remained in the home for approximately fifteen minutes, before returning to appellant's car. In the meantime, Guptin's husband became concerned for his wife's well-being, and informed the police that appellant had kidnapped his wife. Police officers, acting on Guptin's husband's report, initiated a traffic stop after appellant had driven a short distance from his home. When appellant realized the police were stopping him, he attempted to hand a bag of cocaine to Guptin, which she refused to take.

Detective C.B. Hewett of the Dinwiddie County Sheriff's Office told appellant to exit the vehicle. Hewett handcuffed appellant, asked him to sit on the curb, and advised appellant that he was being detained, rather than arrested; however, after Hewett spoke with Guptin, he informed appellant that he was under arrest for abduction.

Subsequent to appellant's arrest, police searched appellant's person and his vehicle. In the vehicle, they found a bag of cocaine and a bag of marijuana. The marijuana was found

underneath a red Dixie cup in the center console of the car. Police also found $2,035 in cash, comprised of three $100 bills, three $50 bills, sixty-two $20 bills, eleven $10 bills, and forty-five $5 bills, in the vehicle. Additionally, police found $1,077 on appellant's person. This sum was comprised of three $100 bills, one $50 bill, twenty-eight $20 bills, five $10 bills, fourteen $5 bills, and forty-seven $1 bills. When questioned by police, appellant gave conflicting explanations regarding how he obtained the money. First, appellant told Hewett that he won the cash playing the lottery. During subsequent questioning, appellant stated that his girlfriend had given him the money.

Appellant was indicted for possession of marijuana with intent to distribute and possession of cocaine. After the close of all the evidence during the bench trial, appellant moved to strike the evidence concerning the possession with intent to distribute marijuana charge, on the ground that the Commonwealth failed to prove appellant intended to distribute the drug. The trial court overruled the motion, relying on appellant's past sales of drugs to Guptin and the fact that he and Guptin were meeting to settle a debt. Adopting the Commonwealth's theory of the case, the trial court also found that the large sum of cash and the denominations of the bills found on appellant's person and under his dominion and control were indicators of appellant's intent.

Appellant presented no evidence. The trial court subsequently found appellant guilty of both charges. This appeal followed.

## II. ANALYSIS

### A. Motion to Suppress

Appellant argues that the marijuana and cocaine discovered during the search of his vehicle was the product of an illegal search and seizure in violation of the Fourth Amendment. He contends that pursuant to Arizona v. Gant, 129 S. Ct. 1710, 1723-24 (2009), the search of his vehicle was unreasonable without a warrant. Specifically, appellant argues,

> "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies."

Id. Appellant claims that because he was handcuffed and sitting on the curb, he was not within reaching distance of the vehicle. Further, he argues there was no evidence that Hewett was searching the vehicle for evidence specific to the arrest for abduction.

The Commonwealth maintains that because appellant failed to make a motion to suppress the evidence, as required by Code § 19.2-266.2, he waived his right to challenge the admissibility of the evidence. Code § 19.2-266.2 states in pertinent part:

> Defense motions or objections seeking . . . suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the Fourth . . . Amendment[] to the Constitution of the United States . . . shall be raised in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial in circuit court.

Failure to meet the statutory requirement articulated in Code § 19.2-266.2 results in a waiver of an accused's constitutional challenge on appeal to the admissibility of the evidence. Schmitt v. Commonwealth, 262 Va. 127, 146, 547 S.E.2d 186, 199 (2001) (citing Upchurch v. Commonwealth, 31 Va. App. 48, 51, 521 S.E.2d 290, 291-92 (1999)). Appellant concedes he failed to file a motion to suppress the evidence seized in his vehicle. Accordingly, he waived his right to challenge its admissibility.

Moreover, pursuant to Rule 5A:18,[3] appellant was required to challenge the admissibility of the evidence when the evidence was presented at trial. See Rule 5A:18; Arrington v.

---

[3] Rule 5A:18 states in pertinent part:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds

Commonwealth, 53 Va. App. 635, 641, 674 S.E.2d 554, 557 (2009). "Applying Rule 5A:18, we have held 'this Court will not consider an argument on appeal [that] was not presented to the trial court.'" Arrington, 53 Va. App. at 641, 674 S.E.2d at 557 (alteration in original) (quoting Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004)). Failure to comply with Rule 5A:18 bars even constitutional claims. Id. (citing Farnsworth, 43 Va. App. at 500, 599 S.E.2d at 487).

Appellant concedes he did not object to the admission of the evidence at trial, but he contends that this Court should invoke the "ends of justice" exception to Rule 5A:18 to permit appellate consideration of his argument. In support of his claim, he cites Gant, 129 S. Ct. 1710, for the proposition that it is a violation of the Fourth Amendment for police to search the passenger compartment of a vehicle incident to arrest, unless it is reasonable to believe the arrestee may have access to the vehicle at the time of the search or the vehicle contains evidence relevant to the crime of arrest. Id. at 1723-24. Appellant argues that Gant, which was issued by the Supreme Court of the United States subsequent to appellant's trial, directly conflicts with the Virginia case law existing at the time of his trial. He points to Glasco v. Commonwealth, 257 Va. 433, 513 S.E.2d 137 (1999), in which our Supreme Court stated "'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.'" Id. at 437-38, 513 S.E.2d at 139-40 (quoting New York v. Belton, 453 U.S. 454, 460 (1981)). Appellant contends he could not have foreseen that the position articulated in Glasco would be reversed by the Supreme Court of the United States, and thus the ends of justice exception applies.

therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

"'The ends of justice exception is narrow and is to be used sparingly,' and only when a trial court error is 'clear, substantial and material.'" Tooke v. Commonwealth, 47 Va. App. 759, 764, 627 S.E.2d 533, 536 (2006) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)). "Thus, the 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987).

While conceding that he did not raise an objection contemporaneously with the admission of the evidence, appellant argues that it would be a miscarriage of justice not to apply the rule articulated in Gant, because "subject to [certain exceptions] a decision of [the Supreme Court of the United States] construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." United States v. Johnson, 457 U.S. 537, 562 (1982). Appellant is correct that Gant was issued by the Supreme Court prior to the entry of the sentencing order by the trial court, but he fails to recognize that Gant's principles may only be applied retroactively in cases where the issue has been appropriately preserved in the trial court. Thus, Gant's publication did not relieve appellant of his duty to contemporaneously object to the admission of the evidence at trial.

"The perceived futility of an objection does not excuse a defendant's procedural default at trial." Commonwealth v. Jerman, 263 Va. 88, 94, 556 S.E.2d 754, 757 (2002) (citing Engle v. Isaac, 456 U.S. 107, 130 (1982); Epperly v. Booker, 235 Va. 35, 44, 366 S.E.2d 62, 67 (1988)). The Supreme Court has noted that although a state court can reconsider a constitutional argument initially rejected by the court and may rule differently upon reconsideration of the issue, the defendant must first preserve the issue in the state court. See Engle, 456 U.S. at 130 ("[T]he futility of presenting an objection to the state courts cannot alone constitute cause for a failure to

object at trial . . . . Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid."). We recognize that many attorneys avoid making such seemingly futile objections (i.e., ones that will mostly likely be unsuccessful), because of the concern that they will lose the good will of the judge and/or the jury. However, this trial strategy ignores trial counsel's responsibility to create a record for appeal on issues of potentially questionable constitutionality. A trial strategy valuing efficiency and minimal interruptions cannot override the requirement for contemporaneous objections.

In the instant case, appellant could have assigned error to the admission of the evidence based on the reasoning the Supreme Court applied in Gant, and thus preserved the issue for appeal. His argument that he could not have known that the Glasco line of cases would be overruled is without merit. Accordingly, we hold appellant's failure to timely file a motion to suppress or to timely object to the admission of the evidence bars his present challenge to the admission of the evidence.

### B. Sufficiency of the Evidence

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986). Furthermore, "[i]f there is evidence to support the convictions, the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial." Commonwealth v. Jenkins, 255 Va. 516, 520, 499 S.E.2d 263, 265 (1998) (citing Tyler v. Commonwealth, 254 Va. 162, 165-66,

487 S.E.2d 221, 223 (1997); Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992); Avent v. Commonwealth, 209 Va. 474, 477, 164 S.E.2d 655, 657 (1968)).

Appellant argues on appeal that the evidence was insufficient to sustain a conviction for possession of marijuana with intent to distribute, because the Commonwealth failed to prove that appellant intended to distribute the marijuana in his possession. We disagree.

"In cases lacking direct evidence of drug distribution, intent to distribute 'must be shown by circumstantial evidence.'" Askew v. Commonwealth, 40 Va. App. 104, 108, 578 S.E.2d 58, 60 (2003) (quoting Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988)). "When the proof of intent to distribute narcotics rests upon circumstantial evidence, the quantity which the defendant possesses is a circumstance to be considered." Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984). Here, appellant possessed only a small amount, however, "[p]ossession of a small quantity of a controlled substance, . . . when considered with other circumstances, may be sufficient to establish an intent to distribute." Servis, 6 Va. App. at 524, 371 S.E.2d at 165 (citing Dutton v. Commonwealth, 220 Va. 762, 765, 263 S.E.2d 52, 54 (1980)).

"The presence of an unusual amount of money, suggesting profit from sales, is [a] circumstance that negates an inference of possession for personal use." Id. (citing Colbert v. Commonwealth, 219 Va. 1, 4, 244 S.E.2d 748, 749 (1978)). Other circumstances that suggest possession with intent to distribute are the possession of disparate kinds of drugs, Williams v. Commonwealth, 278 Va. 190, 194, 677 S.E.2d 280, 282 (2009), and the absence of an ingestion device or other paraphernalia indicative of personal use, Askew, 40 Va. App. at 108, 578 S.E.2d at 60.

Here, police found over $3,000 in varied denominations in appellant's car and on his person. The trial court was entitled to infer that this large amount of money in small

denominations constituted profits from the consummation of drug sales.  See Servis, 6 Va. App. at 525, 371 S.E.2d at 165.  Moreover, the fact finder was entitled to weigh appellant's contradictory statements about how he came into possession of such a large sum of money, Toler v. Commonwealth, 188 Va. 774, 781, 51 S.E.2d 210, 213 (1949), and infer appellant was attempting to conceal his guilt by giving differing accounts, Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981); Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).  These circumstances, coupled with appellant's possession of both cocaine and marijuana and the absence of paraphernalia indicative of personal use, are sufficient to overcome the inference that appellant possessed the marijuana for personal use.

### III.  CONCLUSION

For the foregoing reasons, we hold appellant waived his argument that the evidence was seized in violation of the Fourth Amendment, and we hold that the trial court did not err in finding the evidence sufficient to convict appellant of possession with intent to distribute marijuana.  Thus, we affirm his conviction for possession of marijuana with intent to distribute.

Affirmed.